**FILED**

APR 2 4 2006

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

ROSARIO A. FIORANI, JR.                    :
7115 LATOUR COURT                          :
KINGSTOWNE, VIRGINIA, 22315                :
    PLAINTIFF, PRO-SE                  :
    *(703) 719-0272*                   :
    V.                                 :    CIVIL ACTION NO: _____
                                           :
                                           :
UNITED STATES OF AMERICA                   :
C/O DEPARTMENT OF JUSTICE                  :
CIVIL AND CONSTITUTIONAL RIGHTS SEC.
935 PENNSYLVANIA AVENUE, N.W.               :
WASHINGTON, DC. 20850                      :
                                           :
UNITED STATES ATTORNEY'S OFFICE            :
DAVID HACKNEY, ESQ.,                       :
IN HIS PERSONAL/OFFICIAL CAPACITY:
 AS AUSA ATTORNEY                          :
JAMISONWAY AVENUE                          :         CASE NUMBER  1:06CV00739
ALEXANDRIA, VA  22314                      :
                                           :         JUDGE: Richard W. Roberts
GLEN A. TRIMPER, ESQ.                      :
IN HIS PERSONAL/OFFICIAL CAPACITY:         DECK TYPE: Civil Rights (non-employmen
AS APPOINTED COUNSEL OF CACHERIS:
AND AS AGENT FOR THE GOVERNMENT            DATE STAMP: 04/24/2006
2034 EISENHOWER AVENUE,                    :
ALEXANDRIA, VA 22314                       :
                                           :
INTERNAL REVENUE SERVICE AGENTS :
JOHN WANAT, SPEC. AGT. CID; AND,  :
KEVIN DAVIES, SPEC. AGT, CID               :
1111 CONSTITUTION AVENUE, NW.              :
WASHINGTON, DC  20224                      :
AND,                                       :
                                           :
JASON MINARD                               :
(UNKNOWN ADDRESS)                          :
SOMEWHERE IN MARYLAND                      :
    DEFENDANTS, ET AL _____:

# RECEIVED

APR 1 1 2006

NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

## JURISDICTION

The Plaintiff is a citizen of the State of Virginia, and defendants', John Wanat and Kevin Davies, are agents of the United States, Internal Revenue Service, and are residents of the District of Columbia. Defendant Jason Minard was at the time of his commissions of perjury and making false statements to IRS agents, was a resident of the State of Maryland, under 28 U.S.C. §1332. Defendants AUSA David Hackney, Esq. and Glen A. Trimper, Esq. are believed to be residents of Virginia at the time of their commissions of making false statements, perjury, under 18 U.S.C. § 1001, and this matter in controversy exceeds, exclusive of interest, costs, and any attorneys fees, exceeds the sum of $75,000.

This action arises under the Constitution of the United States, Articles 4, 5, 6 and 14, Section 1 of the Bill of Rights; And,

This action arises under federal questions under the Constitution's Bill of Rights, under 28 U.S.C. § 1331, 1332, §1343(a) (1) and (2)-(4) of the "Civil Rights" and Elective Franchise, and Title 42 U.S.C. § 1983, et seq., including sections of the Federal Rules of Civil and Criminal Procedures, Rule 11, and under 28 U.S.C. § 2255, Rule 1 (and 2), "[w]here the Supreme Court ruled on other similar Constitutional rights violations committed by judges in the District Court and Fourth Circuit Court of Appeals, which is/are similar in facts and holdings as to this case."

Page 3 of 21

## COMPLAINT OF DENIALS OF CIVIL RIGHTS, § 1983 AND FUNDAMENTAL CONSTITUTIONAL RIGHTS.

COMES NOW, the Plaintiff, Rosario A. Fiorani, Jr., Pro-Se, moves this Honorable Court for full and complete relief in this case where Plaintiff proves that a reversal of the wrongful and unconstitutional criminal conviction was unethically condoned and allowed by District Court Judge Cacheris, AUSA David Hackney, and the court's appointed defense attorney, Glen A. Trimper, Esq., against Plaintiff Pro-Se, where no crimes were ever committed, where the defendants did knowingly, willfully and intentionally acted outside of their official and judicial roles, contrary to 42 U.S.C. §1983.

Therefore, on these facts, evidence and documents, Plaintiff's Constitutional and Civil Rights were intentionally, willfully and knowingly violated by each defendant, and others, converse to and under the Fourth, Fifth, Sixth and Fourteenth Amendments by his district court appointed defense attorney, defendant Glen Trimper.

### COUNT 1: DEPRIVATION OF CONSTITUTIONAL RIGHTS

1.    On January 10, 1998, Plaintiff was verbally and physically threatened by one of a government witnesses, Jason Minard.

2.    On and after February 5, 1998, forward, each defendant, including District Court Judge Cacheris, (hereafter, Cacheris), AUSA David Hackney, (hereafter, Hackney), and court appointed attorney Glen Trimper, (hereafter, Trimper) covered up, concealed, prevented or hid materially important facts, testimony, exhibits and documentary evidence that each defendant did intentionally violate Plaintiff's Constitutional Rights, Due Process and Civil Rights, under color of

laws, where defendants did falsely testify to the grand jury by being coached by IRS agents and AUSA Hackney, overseen by District Court Judge Cacheris, adverse to the U.S. Constitution's Bill of Rights and Equal Protection of the Laws.

3.      On February 6, 1998, Plaintiff's home was raided by at least six (6) IRS agents, including Agents Wanat and Davies.

4.      During the raid, Plaintiff requested an attorney to represent him during the in-custodial, handcuffed interrogation that lasted not less than six (6) hours, from 05:55 a.m. to 11:55 a.m. and conducted by at least (3) IRS agents, including Wanat and Davies.

5.      Plaintiff was never allowed to make any telephone calls to his attorney, and was unlawfully prevented from receiving any of the three telephone calls from his father who had called that morning, three times, violating Plaintiff's Supreme Court ruled and endorsed (*Miranda v. Arizona*, 1966); and (*U.S. v. Dickerson*, 2000) Defendants, IRS agents and District Court Judge(s) Buchanan and Cacheris knew Plaintiff was entitled to Miranda warnings.

6.      The Supreme Court reversed District Court Judge Cacheris' prior 1999 ruling, in *Dickerson*, to the right to have an attorney present during any "in-custodial" interrogations, (where Plaintiff could never leave) for nearly six (6) hours, handcuffed for about six (6) hours.

7.      Defendants Wanat and Davies ignored and refused to give, or abide by Miranda Warnings, affirmed in U.S. v. Dickerson, (2000), by the Supreme Court. District

Court Judges Cacheris and the Fourth Circuit repeatedly ignored that Supreme Court ruling(s).

8.     Defendants Wanat and Davies kept Plaintiff handcuffed throughout the duration of the IRS raid on Plaintiff's and his wife's home, without allowing Plaintiff to get or have counsel present, per *Dickerson v. U.S.,* (2000); A specific violation of Plaintiff's Constitutional Rights, Civil Rights, Due Process Clause, and Equal Protection of Laws.

9.     On February 5, 1998, IRS agents Wanat and Davies did knowingly procure and submit, under oath, in their official capacity as agents of the Government to an indifferent Magistrate Judge, contrary to <u>Franks v. Delaware</u> and <u>United States v. Leon,</u> a purposefully falsified, deliberately untruthful, and misleading search warrant affidavit for her signature to obtain three (3) search and seizure warrants.

10.    On February 6, 1998, Plaintiff's father called three times, without any knowledge of what was occurring during the six (6) hours. The two IRS agents violated Plaintiff's Civil and Constitutional Rights, under the Fifth, Sixth, and 14th Amendments, Due Process and Equal Protection of Laws.

11.    On or about February 8, 1998, plaintiff's family paid attorney, Richard Gardiner, Esq., to handle Plaintiff's criminal defenses of the sole falsified and intentionally deceptive claims and allegations made in the IRS search warrant affidavit.

12. Between February 19, 1998 to about September 1, 1998, Plaintiff and his two (2)
attorneys, Richard Gardiner and Larry Dube, Jr., had gathered independent facts,
documentary evidence, witness testimony against the unconstitutional affidavit
filed by IRS agents, Wanat and Davies, showing Plaintiff's rights were violated
by the Government's agents, Wanat's and Davies' from the illegally obtained
search warrant affidavit and perjuries, false statements used to get the affidavit.

13. Plaintiff and counsel Gardiner found IRS agents Wanat and Davies violated
Plaintiff's Fourth Amendment, Fifth, Sixth and Fourteenth Amendments Rights
on February 6, 1998 by failing and refusing to allow counsel to be present during
Plaintiff's six (6) hours of in-custodial, in home interrogations and questioning.

14. On September 9, 1998, District Court Judge Cacheris presided over Plaintiff's
unconstitutional grand jury indictment, while knowing of and being aware of the
perjury and material false statements made by Hackney, with coached testimony
of Minard and Agents Wanat and Davies being presented, and altered evidence
documents used by Hackney that (mis)led to an unconstitutional indictment.

15. On September 9, 1998, Plaintiff was unconstitutionally indicted by a grand jury
that [later] showed District Court Judge Cacheris did unconstitutionally allow,
accept and refused to deny the admission(s) of highly suspect and purposely
altered, or materially concocted, coached and falsified facts and documentary
evidence.

16.   In or about August 1, 1998, AUSA Robert Chestnut dismissed the sole affidavit

charge against Plaintiff, per attorney Gardiner on specific facts and documentary

evidence presented that Minard and IRS agents Wanat and Davies had

deceptively drafted and signed by a Magistrate Judge, a falsified, distorted and

concocted search and seizure warrant affidavit, where other paragraphs,

including ¶ 10 were materially falsified by IRS agent Wanat, contrary to _Franks_

and _Leon._

17.   On, about, or before September 9, 1998, Hackney concocted, falsified and

fabricated facts, altered grand jury documents and evidence given to the grand

jury leading to an unconstitutional indictment, solely based on perjuries, false

statements, altered documents and manufactured fact-evidence against Plaintiff.

18.   On or about September 9, 1998, Hackney withheld from grand jurors that the

Plaintiff had been threatened by Minard, retaliated against by his employer,

Crystal Ford, and intimidated against by Minard, a government witness, before

December 24, 1997, and on and after January 10, 1998, about five (5) weeks before

the concocted IRS raid.  That fact alone violated Plaintiff's Due Process rights,

Constitutional protections and, Minard was acting as an agent for the

government during and after those periods of time.

19.   On or about October 1, 1998, Plaintiff and his prior attorneys got exculpatory

evidence and information from several members of the grand jury, lead by Ms.

Monica Morrison, who told an investigator and defense counsel that AUSA

Hackney and Judge Cacheris knew of, was aware, and had committed perjury,

under oath, during the grand jury, altering facts, documents and factual evidence

making material changes to the alleged exhibits and documents used to obtain

the unconstitutional indictment, from on and after February 6, 1998 to December

5, 20005, when the Supreme Court continued to cover up, adverse to its Oaths of

office, Constitutional rights, civil rights and Due Process violations for eight (8)

years.

20.    On November 2, 1998, Plaintiff was forced, threatened, intimidated and coerced

to plead guilty by Hackney and Trimper, with Cacheris' prior knowledge,

consent and permission to 12 false statements, where Plaintiff was never allowed

to read, challenge or dispute the Statement of Facts before Cacheris by agents of

the government, Hackney and Trimper.

21.    On November 3, 1998, Plaintiff attempted to withdraw his unconstitutional plea

to District Court Judge Cacheris, that violated Plaintiff's Constitutional Rights

and Civil Rights, under our Constitution's Due Process and Equal Protection of

Laws, under the color of laws.  Cacheris blocked and prevented Plaintiff's legal

withdrawal of his unlawful plea.

22.    Before November 3, 1998, and again after July 17, 2000, District Court Judge did

allow, condone and permit, contrary and adverse to his judicial codes of conduct

and Rules of Judicial Ethics.

23.    On and after September 15, 1998, and again on and after July 17, 2000, Judge

Cacheris stepped outside of his judicial role as judge, allowing and permitting

defendants Hackney and Trimper to commit perjury, make under oath, 12

known false and misleading statements in a Statement of Facts, where Judge

Cacheris approved, had knowledge of, and was fully aware that there was

perjury committed, and false statements and misleading statements made, where

Fiorani was forced, threatened, and forms of intimidation were used against

Fiorani to get him to plead guilty, while each defendant was acting as an agent

for the U.S. Government, outside the Constitution, Due Process and fundamental

fairness doctrines of Rule 11, Federal Rules of Criminal Procedure.

24.    After January 31, 2004, Judge Cacheris kept Plaintiff from obtaining new counsel

and effective legal representation on Plaintiff's proof and documents, with

consulting attorneys, showing Trimper's total ineffective assistance, completely

deficient performances in more than 255 other court ordered defenses, prior to

and after 1999, up to May 10, 2002, contrary to any of the Supreme Court's prior

to 1998, and afterwards, up to and including December 5, 2005 rulings which

were adverse to Judge Cacheris' exposing judicial misconduct by Cacheris,

AUSA Hackney, Trimper, and IRS agents, who each violated Plaintiff's

combined civil and constitutional rights, under due process and equal protection

of laws violations.

Page 10 of 21

25.  Prior to December 2005, the Supreme Court held, "[a]ny guilty plea must be knowingly made, intelligent, and voluntarily entered . . . ".

26.  Judge Cacheris did repeatedly act under color of laws, contrary to his judicial oaths and ethics, violating Plaintiff's constitutional, due process and procedural and substantially fundamental civil rights, by failing to withdraw Plaintiff's forced, threatened and coerced guilty plea, caused by defendants Trimper and Hackney, and condoned by Cacheris, all contrary to Supreme Court rulings and holdings.

27.  On and after October 31, 2004, District Court Judge Cacheris did unlawfully and unethically acted contrary to *Brady v. Maryland*, (1968) and the Supreme Court's other rulings and holdings, withheld from Plaintiff exculpatory facts, evidence and documents consisting of the alleged plea hearing transcripts and tapes, preventing Plaintiff from proving Plaintiff is actually innocent of any crimes.

28.  On or about July 17, 2000, Plaintiff wrote a letter to Magistrate Judge Buchanan regarding Trimper's repeated attempts to get Plaintiff, through acts of force, uses of verbal threats, acts of coercion and intimidation to accept a guilty plea before Judge Cacheris.

Wherefore, Plaintiff requests this Honorable Court promptly reverse Plaintiff's 1998 wrongful conviction, intentionally committed by all defendants, under color of laws; contrary to Title 42 of U.S.C. § 1983, and completely adverse to our Constitution's Due Process, fundamental procedural and substantial due process rights, civil rights

Page 11 of 21

and Equal Protections of Laws.   And where each defendant did aid, assist and

procured a forced, threatened and intimidated plea, while actors, Cacheris, Trimper and

Hackney did knowingly, willfully and deliberately worked to mislead, fabricated and

falsified at least 12 statements contained in a Statement of Facts, making no crimes,

concocted to be criminal, and forcing an innocent man to undergo nearly a decade of

egregious personal, emotional, financial and mental anguish for what the Supreme

Court has consistently held to be totally unconstitutional acts and unlawful courses of

conduct amounting to a defense attorney's ineffective assistance and prosecutorial

misconduct by an AUSA, Hackney, and a District Court Judge to be knowingly permit-

ting and allowing attorneys misconduct, contrary to the Supreme Court's holding in

Chambers v. NASCO, Inc., 111 S.Ct. 2123, 2134, (1991);  Primus Automotive

Financial Services, Inc., v. Batarse, 115 F.3d. 644, 648-49, (9th Cir., 1997);  (Before

awarding sanctions under its inherent powers... the court must make an explicit finding

that counsel's conduct 'constituted' or was tantamount to "bad-faith".  A finding of

bad-faith exists and sanctions are warranted when an attorney 'knowingly or recklessly

raises a frivolous argument'...").

## COUNT 2:   DEPRIVATION OF EQUAL PROTECTION OF LAWS AND FUNDAMENTAL AND SUBSTANTIAL DUE PROCESSES

29.    Plaintiff incorporates herein all Civil (§ 1983) and Constitutional rights violations

of Due Process, Equal Protection of the Laws and fundamental and substantial

rights as stated in Count 1 above.

Page 12 of 21

30.    On that same date, Hackney unlawfully withheld from the grand jurors that

       Minard and both IRS agents, (and Hackney) conspired to fabricate evidence, facts

       and information given to grand jurors that Plaintiff's conduct was 'legal' conduct.

31.    After February 6, 1998, defendants IRS agents John Wanat and Kevin Davies had,

       found by Plaintiff's (paid family) attorneys, Richard Gardiner and Larry Dube, Jr.,

       acted contrary to Miranda and other Constitutional Rights protections, under

       color of laws, by concealing they had lied and had malicious motivations against

       Plaintiff since 1992.

32.    Defendants Wanat and Davies used Fiorani's IRS personnel files, when Wanat,

       Minard, Gonzalez and Davies concocted the three (3) fraudulent search and

       seizure warrants' affidavit, known by and overseen by Judge Cacheris, who lead

       for more than eight (8) years, and contrary to Supreme Court rulings, held by

       Cacheris, against Plaintiff's due process and fundamental equal protection under

       the laws rights violations under the 4th, 5th, 6th and 14th Amendments.

33.    On September 15, 1998, Magistrate Judge Buchanan appointed attorney defendant

       Trimper, over plaintiff's objections on information Plaintiff already had defense

       counsel, Richard Gardiner to defend Plaintiff from February 18, 1998 forward.

34.    Magistrate Judge Buchanan refused to allow Mr. Gardiner to represent Plaintiff.

       Judge Buchanan ordered a known, ineffective and deficient attorney, (defendant)

35.    Trimper to represent Plaintiff to Plaintiff's total detriment.

Page 13 of 21

36.  On October 31, 1998, District Court Judge Lee denied and ignored all Plaintiff's
     facts, evidence and material documents, including Plaintiff's 4th, 5th, 6th and 14th
     Amendments Rights, under prior Supreme Court rulings of Miranda, showing
     defendants, IRS agents Wanat and Davies had committed perjury, knowingly
     suborned perjury and made false statements in their search warrant affidavit,
     discovered by attorneys Gardiner and Dube;  (1) Agents Wanat and Davies had
     coached Minard and Gonzalez on what to say in and to the grand jury;  (2) IRS
     agents Wanat and Davies unlawfully used Plaintiff's credit report to get Plaintiff's
     IRS personnel files for use in the affidavit.

37.  On and after November 3, 1998, forward to December 5, 2005, defendants did
     unconstitutionally obstruct, hindered and prevented Plaintiff from withdrawing a
     –Court, Judge known– forced, pressured and knowingly threatened plea by court
     appointed attorney, Trimper, while he was acting as an agent for the government,
     under color of law.

38.  The Plea was unconstitutionally accepted by Judge Cacheris who knew Plaintiff
     was threatened, coerced and intimidated, under color of laws, to plead guilty to a
     crime that was not a crime, which violated many of Plaintiff's Due Process Rights,
     his Civil and Constitutional Rights, and fundamental procedural and substantial
     rights under the Fourth, Fifth, Sixth and 14th Amendments' Equal Protection
     under the Laws.

Page 14 of 21

39.    In June, 1999, the Fourth Circuit Court of Appeals Ordered District Court Judge
       Cacheris to have court-appointed defense attorney, defendant Trimper file
       Plaintiff's criminal appeal.

40.    In and after June 1999, Trimper did unethically, repeatedly and unconstitutionally
       refused to, failed to and repeatedly ignored the Fourth Circuit Court's Order to
       file Plaintiff's appeal.  A fundamental right omitted by Trimper, acting as a
       government agent, under color of laws, and contrary to his legal duties and legal
       responsibilities as a defense counsel for Plaintiff.

41.    Defendant Trimper's repeated 'unconstitutional acts and omissions' rendered
       Plaintiff's criminal defense attorney totally ineffective and highly deficient, while
       intentionally depriving Plaintiff of his Sixth and 14th Amendments Rights to have
       either a new (defense) attorney appointed by the District Court or Fourth Circuit
       Court of Appeals deprived Plaintiff all fundamental guarantees of Equal
       Protection under the Laws, and failing to uphold the Supreme Court's holdings
       and rulings in _Strickland v. Washington_, (1988).

42.    On November 3, 1998, Fiorani told District Court Judge Cacheris of:
        (a).  Found 12 false statements contained in the knowingly produced and
       concocted Statements of Facts;
       (b).  Defendant Trimper did not let Fiorani read, review, nor challenge any of the
       alleged claims asserted in the Statement of Facts;
       (c).  Defendants Trimper and Hackney kept Plaintiff in a backroom of the court-

house, while threatening, coercing and intimidating Plaintiff to sign a blank last page of a document Plaintiff was never allowed to read, challenge and dispute;

(d). District Judge Cacheris knew of all of defendant Trimper's unconstitutional acts, further blocking, preventing, and hindering Plaintiff from going to trial;

(e). District Judge Cacheris did unconstitutionally aid and assisted, or covered up defendants' Trimper's and Hackney's illegal acts against Plaintiff, keeping Plaintiff from reading, reviewing, challenging, and showing materially false and perjured paragraphs were in the Statement of Facts, contrary to fundamental and due process guarantees to enter a valid, intelligent and voluntary plea, not done in this case and contrary to the Federal Rules of Criminal Procedure, Equal Protection of Laws, and Due Processes under the 5th, 6th, and 14th Amendments rights.

43.    Defendants did jointly and separately deprive Plaintiff of his fundamental civil and constitutional rights, enumerated in the Constitution's Bill of Rights when defendants, including District Court Judge Cacheris did unconstitutionally fail, refused and ignored Plaintiff's many requests to obtain, as a Pro-Se (defendant), all exculpatory facts, evidence and (copies) of all documents in held by the U.S. District Court, and under the sole control of Judge Cacheris's court reporter, Don McCoy.

44.    Agents of the Government did jointly and separately ignore, refused to comply with, and did deliberately, or fundamentally neglect to obey many Supreme

Page 16 of 21

Court rulings and holdings, blocking, hindering and preventing Plaintiff's

legitimate collateral attacks on the forced, threatened and coerced or intimidated

plea hat would resulted in Plaintiff's unconstitutional conviction, where the

Courts did substantially and fundamentally deprive Plaintiff pro-se's legitimate

appeals to be reverse on grounds of and for –ineffective assistance of District

Court's deficiently appointed defense counsel– (defendant) Glen Trimper.

45.    The Government's agents and defendants did act under color of laws to jointly or

specifically to violate Plaintiff's Equal Protection of Laws, contrary to the 14th

Amendment, and the Civil and Constitutional Rights, under § 1983, *et seq.*, as held

by Supreme Court rulings in <u>Strickland v. Washington</u>, <u>Kyles v. Whitley</u>, <u>Wiggins

v. Smith</u>, <u>Penson v. Ohio</u>, and <u>Mickens v. Taylor</u>, and many other cases before

1998 and after 1999, and their progeny under the laws' principles of *Stare Decisis,

requiring courts to follow a higher Court's rulings and holdings, based on similar facts

and circumstances of a case.*

## COUNT 3:  INEFFECTIVE ASSISTANCE OF COUNSEL

46.    Plaintiff incorporates by references herein, from Counts 1 and 2 above, into this

Count, all acts and factual misconduct committed by defendants Trimper, Judge

Cacheris, Hackney and IRS agents of the Government who did continue to

violate, deprive and prevent Plaintiff from having any due process and equal

protection of laws, under his civil and constitutional rights, under color of laws,

and enumerated in the Bill of Rights, under the 4th, 5th, 6th and 14th Amendments of

the Constitution.

47.    From on and after September 15, 1998, defendant Trimper did not do anything for and in preparation of Plaintiff's defenses against the government's alleged case.

48.    Defendant Trimper did not perform any investigations of the government's case against Plaintiff;  And, Trimper and Plaintiff did not ever get along illustrating defendant Trimper only acted as an agent of the government in more than 250 other court appointed criminal defendants' cases.

49.    Defendant Trimper did not seek to obtain any information on the Government's witnesses, failing, refusing and deliberately ignoring all Plaintiff's information on AUSA Hackney's commission of perjury, making false claims and statements to the grand jury;  And Hackney's fabricating and altering evidence presented to the grand jurors,  including Trimper's repeated failures to challenge AUSA Hackney's use of false, distorted and altered evidence that includes Minard's January 10, 1998 threats by telephone of Plaintiff.

50.    Defendant Trimper acted as an agent for the government in more than 250 other court appointed criminal defenses.

51.    Defendant Trimper failed, refused and ignored any of Plaintiff's prior defense attorneys', (Gardiner's and/or Dube's) facts and evidence of Plaintiff's innocence, contrary to the Sixth and 14th Amendment's Due Process Clauses and Equal Protection of Laws.

Page 18 of 21

52.    On October 31, 1998, defendant Trimper failed to prepare for the suppression

hearing regarding Plaintiff not being given Miranda Warnings while held in

handcuffs on February 6, 1998 by agents Wanat and Davies for not less than six

(6) hours, during an 'in-custodial' interrogation on the unconstitutional search

warrant affidavit.

53.    On November 2, 1998 and again on July 17, 2000, defendant Trimper unethically

and unconstitutionally used verbal threats, implied intentions of force, and acts of

intimidation to get Plaintiff to plead guilty before District Court Judge Cacheris,

who was a part of it and condoned, permitted and further withheld exculpatory

facts and evidence of the involuntary plea.

54.    Before and on November 2, 1998, defendant Trimper did illegally commit perjury

before defendant District Court Judge Cacheris, knowing that he signed a

materially false statement of facts, as an agent of the government and officer of

the court.

55.    On January 29, 1999, defendant Trimper was Ordered to appear before District

Court Judge Ellis with (then defendant) Plaintiff.

56.    Defendants Trimper and Hackney failed, refused and ignored that Judge's Order

to appear.  That is a violation of law and civil or criminal contempt of court.

57.    In June 1999, defendant Trimper was ordered by a three-judge panel of the Fourth

Circuit Court of Appeals to file (defendant's) criminal appeal.  Defendant Trimper

again, did not file, and failed and refused to, totally ignoring that order of the

Page 19 of 21

Fourth Circuit Court, under color of law, intentionally depriving Plaintiff of his

Fifth, Sixth and 14th Amendment(s) Rights under the Constitution.

58. In and after June 1999, Plaintiff was deprived of his fundamental, substantial and

procedural rights, under his civil and constitutional rights of Equal Protection of

the Laws, when Judge Cacheris and the Fourth Circuit Court of Appeals did

repeatedly ignore, blocked, hindered and prevented Plaintiff's many requests for

new defense counsel, and/or new appellate counsel under Supreme Court rulings

and holdings, *inter alia, In re:*  Penson v. Ohio, Strickland v. Washington, Anders

v. California, Evicts v. Lucey and Halbert v. Michigan, (2005) and their progeny,

preventing Plaintiff from ever getting any fair trial, hearings and legal reversals of

a wrongful conviction on clear facts and evidence of Trimper's total –ineffective

assistance of (court-appointed) defense counsel that seriously violated and

procedurally prejudiced Plaintiff's defense to a first appeal, as of rights.

59. Defendants Trimper, Hackney with the aid and assistance of District Court Judge

Cacheris did unconstitutionally deprive Plaintiff of his Equal Protection of Laws

and Due Process, both procedurally and substantially, by jointly preventing and

withholding, or hindering Plaintiff from ever having any effective legal assistance

and representation, under Halbert v. Michigan, (2005), where Justice Ginsberg

held, ". . .Due Process and Equal Protection Clauses requires the appointment of

appellate counsel for defendants convicted on their (unconstitutional) pleas."

Page 20 of 21

60.    Defendants Trimper, Cacheris, Hackney, and IRS agents Wanat and Davies did

knowingly, willfully and either criminally or maliciously acted outside the scope

and functions of their duties and positions, when each of them did act under color

of law, contrary to the Laws of This Country and those enacted by rulings and

holdings of the U.S. Supreme Court, when each did purposely ignore, failed to

comply with and refused to obey or conform to those laws and intentionally

deprived Plaintiff of his civil and constitutional rights under Title 42 U.S.C. §

1983, et seq.

## COUNT 4:  GOVERNMENT'S ACTS UNDER COLOR OF LAWS DEPRIVE PLAINTIFF'S FAIR ACCESS TO CONSTITUTIONAL HEARINGS AND TO EFFECTIVE REPRESENTATION GUARANTEED BY 5TH, 6TH AND 14TH AMENDMENTS.

61.    Plaintiff incorporates herein all Civil (§ 1983) and Constitutional rights violations

of Due Process, Equal Protection of the Laws and fundamental and substantial

rights as stated in Count 2 above.

62.    On and after November 3, 1998, defendants did, separately and jointly, block

unconstitutionally and deprive, hinder and prevent, through each of their actions

separately and jointly, that denied Plaintiff from having access to the Courts in

any hearings, appellate counsel, and to exculpatory evidence withheld by the

District Court Judge, Cacheris, his court reporter, McCoy, and under the Fifth and

Sixth Amendments', appointment of defense counsel to represent Plaintiff from

on and after September 15, 1998, forward.

Court Judge Cacheris and those unnamed Judges of the Fourth Circuit Court of Appeals, repeatedly failed, refused and ignored their own orders issued to and against Trimper to write, draft and file, as of right, Plaintiff's criminal appeal. Thus, defendants did collectively deprived, violated and did continue to hinder Plaintiff's entitled substantial and procedural Due Process Clauses, Constitutional Rights, preventing Plaintiff from 1999 to 2005, legal, legitimate and proper access to Courts, blocking, hindering and preventing compliance with many Supreme Court rulings and holdings on ineffective assistance of (court-appointed) defense counsel.

WHEREFORE, defendants did repeatedly deprive Plaintiff over the course of eight (8) years, by blocking, hindering and preventing Plaintiff's many fundamental and substantial, or procedural civil and constitutional rights, under our 4th, 5th, 6th, and 14th Amendment's Rights of Due Process and Equal Protection of the Laws, guaranteed by our Constitution's Bill of Rights; AND, Plaintiff demands judgment against defendants, separately and jointly, in the amount of $ 2,000,000 (Two Million) Dollars for all his compensatory, special, general and other damages, including punitive damages.

Rosario A. Fiorani, Jr.
Plaintiff, Pro-Se
7115 Latour Court
Kingstowne, VA  22315
(703) 719-0272