UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

ROSARIO A. FIORANI, JR.                     :
7115 LATOUR COURT                           :
KINGSTOWNE, VIRGINIA, 22315                 :
    PLAINTIFF, PRO-SE                       :
                                            :
V.                                          :   CIVIL ACTION NO: 06-739 RWR
                                            :
UNITED STATES OF AMERICA                    :
DEPARTMENT OF JUSTICE, CIVIL RIGHTS         :
AND CONSTITUTIONAL RIGHTS SECTIONS          :
935 PENNSYLVANIA AVENUE, N.W.               :
WASHINGTON, DC.  20850                      :
                                            :
DAVID HACKNEY, ESQ.,                        :
IN HIS OFFICIAL CAPACITY, AS AUSA           :
JAMISON AVENUE                              :
ALEXANDRIA, VA.  22314                      :
                                            :
GLEN A. TRIMPER, ESQ.                       :
IN HIS PERSONAL/OFFICIAL CAPACITY:          :
2034 EISENHOWER AVENUE, SUITE 202           :
ALEXANDRIA, VA.  22314                      :
                                            :
JOHN WANAT, SPEC. AGT. CID; AND             :
KEVIN DAVIES, SPEC. AGT, CID                :
1111 CONSTITUTION AVENUE, NW.               :
WASHINGTON, DC.  20224                      :
AND                                         :
JASON MINARD, ALLEGED WITNESS               :
  RESIDES SOMEWHERE IN THE                :
  STATE OF MARYLAND                       :
<u>DEFENDANTS, *ET AL*</u>                       :

## JURISDICTION

    The Plaintiff, Pro-Se is a citizen of the State of Virginia.  Defendants', John Wanat and Kevin Davies are agents of the United States, acting as agents from of the Internal

**RECEIVED**
MAY 0 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Revenue Service. And, the IRS Agents are (considered to be) residents of the District of Columbia; And,

Jason Minard was at the time of his commissions of perjury and did making false statements to IRS agents Wanat and Davies, was a resident of the State of Maryland, under 28 U.S.C. § 1332. Defendants, acting as government agents of the United States is AUSA David Hackney, Esq. and Glen A. Trimper, Esq., are believed to be residents of the State of Virginia at the time of their commissions of making false statements, committing perjury(ies), under 18 U.S.C. § 1001, and their engaging in a series of civil and criminal conspiracies;

And, this matter in controversy exceeds, exclusive of interest, costs and attorneys fees exceed the sum of $75,000.

This cause of action arises under federal questions of the U.S. Constitution, Articles 4, 5, 6 and 14 Amendments, Section 1 of the Bill of Rights, Procedural Due Process, Substantial Due Process, and Fundamental Due Process.

This cause of action arises under 28 U.S.C. § 1331, 1332 and §1343(a) (1)-4 of the "Civil Rights" (Act), and Elective Franchise and Title 42 U.S.C. § 1983 and 1985, *et seq*..

This court has original and pendent jurisdictions over this cause of action under the collective sections of the Federal Rules of Civil and Criminal Procedures, Rule 11, and under 28 U.S.C. § 2255, Rule(s) 1 and 2.

## PLAINTIFF'S AMENDED COMPLAINT.

COMES NOW the Plaintiff, Rosario A. Fiorani, Jr., Pro-Se to move this Honorable Court to enter judgments against defendants for full and complete relief for Plaintiff, that resulted in a wrongfully unconstitutional criminal conviction, entered by each of the above-named defendants, separately and/or jointly, where each defendant did commit, *inter alia*, various acts of fraud upon the U.S. District Court for the Eastern District Court in Alexandria, Virginia, from on and after September 15, 1998 to May 10, 2002, and thereafter to April 10, 2006, with the cooperation, acting outside his judicial duties and responsibilities, District Court Judge James Cacheris, (hereafter, Cacheris); And, Assistant U.S. Attorney, (AUSA), G. David Hackney, (hereafter, Hackney), who did engage in an unlawful and unethical planned fabricated patterns and practices, contrary to laws of the Supreme Court, U.S. Constitution and adverse to the 14th Amendment's Due Process Clauses, resulting in Constitutional and Civil Rights violations against the Plaintiff's procedural, substantial, and fundamental due process rights.

Whereas, on these grounds and for these reasons as follows, Plaintiff requests relief as follows:

### COUNT 1: BREACH OF CONTRACT

1. On or about September 15, 1998 to May 10, 2002, defendant Trimper was Federal Court appointed to represent Fiorani in his criminal indictment by District Court Judge Theresa Buchanan, over Fiorani's objections that he already had legal

    defense counsel to defend him against the fabricated and concocted criminal charges.

2. On and after September 15, 1998 to May 10, 2002, defendant Trimper and the U.S. District Court, acting as agents of and for the U.S. Government, entered into a legal contract requiring Trimper to lawfully and constitutionally defend, secure and protect Fiorani from any illegal acts committed by agents of the Government conduct by AUSA G. David Hackney, an agent of the U.S. Government.

3. From on and after September 15, 1998 to May 10, 2002, defendant Trimper did breach his contractual rights, responsibilities and duties owed to Fiorani, as Fiorani's Federal District Court appointed defense attorney.

4. During the period from October 1, 1998, to November 1, 1998, Trimper did fail to: (a) File any legal documents; (b) Motions to dismiss the indictment; (c) did not file (any) appeals; (d) Failed to consult with any other attorneys of Fiorani's family, to demand a withdrawal of the forced, coerced plea; (e) Failed to conduct any investigations; and (f) Knowingly participated in a criminal conspiracy with AUSA David Hackney before and after November 2, 1998, to keep facts, exculpatory documents, and evidence directly and indirectly from Fiorani, that continued to result in Fiorani's wrongfully unconstitutional felony conviction.

5. As a direct, indirect and proximate results of Trimper's breaches of his duties and responsibilities, Fiorani incurred a wrongful conviction over the past eight (8) years directly caused by Trimper's breaches of his contractual and legal duty.

## COUNT 2:  BREACHES OF FIDUCIARY DUTIES

6. On, about and after September 15, 1998 to May 10, 2002, defendant Trimper and the Government, through their joint acts of entering into a contractual relationship and judicial orders issued by District Court Judges Buchanan, Ellis and Cacheris, each allowed, accepted or permitted Trimper's and Hackney's Government-controlled illegal and/or unconstitutional acts, ordered Trimper to perform the criminal defenses of Fiorani against the Government.

7. From on and after September 15, 1998 to May 10, 2002, Trimper did willfully fail, recklessly refused, intentionally ignored and maliciously caused his breaches of his court ordered fiduciary duties and responsibilities to Fiorani, and to about 255 other criminal defendants, prior to 1998 and after 2003, resulting in Fiorani to obtain his illegal and unconstitutional criminal conviction for a crime that never took place.

8. Specifically, over the course of four (4) years, Trimper did willfully, wantonly and intentionally failed to, refused to, or in the alternative, did outright ignore:

(a) Fiorani's evidence of being threatened, intimidated and retaliated against by a Government witness, Jason Minard, a government witness in the grand jury, overseen by District Court Judge Cacheris on or about September 9, 1998;

(b) Trimper failed to conduct any criminal investigations of any of Fiorani's facts, evidence, witnesses and documents proving his innocence, and refusing to talk to any of Fiorani's (family's) attorneys, Richard Gardiner, Esq. and Larry

Dube, Jr., Esq., on the prior (1992) direct involvement of IRS agents John Wanat and Kevin Davies on Fiorani's unlawful termination from the IRS in 1992 and rein-statement by MSPB, on December 4, 1992.

(c) Trimper failed to expose AUSA Hackney's altered evidence, distorted facts, committed perjuries and false statements made by Jason Minard and Steven Gonzalez, and both IRS agents to the grand jury, according to grand jury forewoman, Monica Morrisson, later in September and early October, 1998.

(d) Trimper failed and refused to file any of Fiorani's appeals on District Court Judge Lee's unconstitutional dismissal of Fiorani's Miranda Warnings, under _Miranda v. Arizona_, (1968), and later affirmed in _Dickerson v. United States_, (2000), on Fiorani's Constitutional Rights, Due Process and Equal Protections under the Laws of the 4th, 5th, 6th and 14th Amendments;

(e) Trimper refused to comply with and file Fiorani's Fourth Circuit Court of Appeals Order issued on June 30, 1999, ordering Trimper to file Fiorani's criminal appeal. Trimper did both unethically and unconstitutionally refused to do so as Ordered by the Fourth Circuit Court of Appeals, resulting in Fiorani to file, Pro-Se, his own appeal timely on June 30, 1999, forward to December 5, 2005;

(f) On October 30, 1998 and thereafter, Trimper deliberately failed, refused to raise as factual evidence and documentary facts of Fiorani's innocence on February 6, that Fiorani's father called his son, at his son's home three times that morning. The IRS agents did repeatedly and unlawfully or unconstitutionally

denied allowing Fiorani speak to his father, verifying Fiorani never got his Miranda warnings and was held for nearly six (6) hours in handcuffs during the IRS agent's in-custodial interrogations, contrary to *Dickerson v. United States*.

(g)  On October 30, 1998, Trimper failed to challenge, dispute, raise as factual evidence of innocence, Fiorani's documentary evidence that Fiorani demanded that he be given an attorney to be present before Fiorani is forced, coerced and intimidated by at least three (3) IRS agents over a period of handcuffed, in-custodial interrogations lead by John Wanat.

(h)  On November 2, 1998 Trimper did make known unlawful verbal threats to, verbal assaults against and Trimper did use physical and verbal acts of intimidation, coercion and threats against Fiorani to get an unconstitutional plea, in a conspiracy with AUSA Hackney;

(I)  Trimper did commit again, on or about July 17, 2000, and afterwards using acts of verbal telephone threats to Fiorani before July 17, along with, but not limited to acts of abuse to get Fiorani to plead guilty to "a trumped up probation violation" before District Court Judge Cacheris;

(j)  On June 30, 1999, Trimper did knowingly, willfully, intentionally and recklessly failed, unethically refused, and he maliciously ignored complying with a Fourth Circuit Court of Appeals Order to file Fiorani's criminal appeal;

(k)  From on and after September 15, 1998 to May 10, 2002, Trimper and Fiorani did not ever get along, arguing, 'verbally' fighting, and Trimper repeatedly

called Fiorani names that amounted to verbal abuses, contrary to the U.S. Supreme Court's holding that "ineffective assistance" of counsel results from client and counsel not having a positive relationship;

(l) On January 29, 1999, Trimper and Hackney were ordered to appear before Distirct Court Judge Ellis. Trimper and Hackney did knowingly, intentionally and willfully refused to appear before Judge Ellis, per his court order;

(m) On November 2, 1998, Trimper and Hackney did knowingly commit fraud on the Court before District Court Judge Cacheris, when both said under oath, that the alleged facts in the Statement of Facts are true, correct and accurate under Rule 11 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 1001.

(n) On, February 6, 1998, to after May 10, 2002, and to April 6, 2006, Trimper, Hackney, and District Court Judge Cacheris covered up, hid and permitted perjury and false statements to be made in the IRS' search warrant affidavit, in paragraph 10.

Therefore, because of Trimper's and Hackney's joint and separately committed misconduct, Fiorani did suffer severe mental, emotional and psychological distresses resulting from a wrongful criminal conviction, that included, but is not limited to a near decade of loss of employment earnings and retirement income, leading to a high degree of probability that because of Trimper's resulting collective acts and misconduct Fiorani would further suffer directly and indirectly, additional losses of other attorneys fees to correct Trimper's outrageously deficient conduct and defenses, and Fiorani's and

his family's separate losses of all other costs and expenses incurred because of Trimper's intentional criminal acts, deliberately reckless, malicious, and wanton disregard with a high degree of probability that Fiorani will continue to suffer extreme mental, emotional and psychological distresses and years of losses of employment due to Trimper's derelictions as a court appointed defense attorney.

## COUNT 3: FRAUD ON THE COURT- INTENTIONAL MISREPRESENTATIONS

9. Fiorani incorporates by references Counts 1 and 2 in this, Fiorani's Amended Complaint as set forth herein.

10. On November 2, 1998 and again on July 18, 2000, Trimper did knowingly, wilfully, intentionally and with premeditation, contrary to Federal Rules of Criminal Procedure, Rule 11, used acts of force, verbal threats, acts of intimidation and coercion intending to get Fiorani to plead guilty to crimes that did not occur, thus committing frauds upon the Court, against Fiorani.

11. Defendants Trimper and Hackney did deliberately, willfully and unconstitutionally, before on and after November 2, 1998, collaborated and conspired to misrepresent to U.S. District Court Judge Cacheris, falsely stating that Fiorani had voluntarily, knowingly and intelligently signed a plea agreement pleading guilty to crimes that did not occur, and where Trimper and Hackney did know that they each had committed frauds on the District Court with the apparent knowledge, consent and permission of District Court Judge Cacheris, under the District Court's and Supreme Court's rulings *In re*; <u>Buckley v. Air shield Corp.,</u>

Page 10 of 15

Inc., 908 F.Supp. 299, appeal dismissed, 86 F.3d. 1175, Held, "When the district court must make a disqualification determination on difficult facts, it does not need to weigh the circumstances with hair splitting nicety. But, in the proper exercise(ing) of [a court's] supervisory powers over members of the bar, and in review of preventing appearances of impropriety by defense counsel, it is to resolve all doubts in favor of disqualification. Zachair, Ltd. v. Driggs, 965 F.Supp. 741, (D.MD. 1997). Affd. 141 F.3d 1162. See. Chambers v. NASCO, Inc., 111 S.Ct. 2123, 2134, (1991).

12. Defendants Trimper and Hackney did have prior knowledge that at least 12 materially false statements were made in the Statement of Facts, thus both did knowingly commit perjury by their making false statements to District Court Judge Cacheris on November 2, 1998.

13. Defendants Trimper and Hackney did with full and complete knowledge of District Court Judge Cacheris' acting outside of [their] duties and positions allowed each of them to intentionally make false representations to him, thus permitting their commissions of fraud on the court, contrary to the Due Process and Constitutional Rights of Fiorani.

14. District Court Judge Cacheris did unconstitutionally rely on Trimper's and AUSA Hackney's misrepresentations against Fiorani, to his detriment.

15. Fiorani suffered severe damages as a direct result of and specifically caused by District Court appointed defense counsel's Trimper's perjuries, false statements

and many misrepresentations made to District Court Judge Cacheris.

16. Defendants Trimper and Hackney did jointly commit so outrageous, extremely reckless and unconstitutional misconduct, so far outside or beyond any Federal and State laws, under the Constitution before,, on and after November 2, 1998, forward to the date of the filing of this suit, where Trimper and Hackney covered up, blocked, and prevented Fiorani from obtaining, under his legal right to obtain all exculpatory facts, evidence, documents and transcripts that would expose that he was threatened, coerced and intimidated by Trimper and Hackney, before District Court Judge Cacheris, when Trimper and Cacheris did unlawfully prevent Fiorani from obtaining District Court transcripts that show and make a clear and convincing showing that Fiorani is actually innocent, except for many unconstitutional rights violations, due process and fundamental rights violations committed by Cacheris, Hackney and Trimper, jointly and separately, before, on and after November 2, 1998, forward to April 12, 2006.

17. On November 2, 1998, Trimper and Hackney did willfully, wantonly and with a recklessly disregard for the truth of their "signatures" to a materially false statement of facts, sworn to as an agent of the Government and Officer of the Court, as sworn to District Court Judge Cacheris. Trimper and Hackney did pre-piously know, as did Fiorani, Gardiner and Dube, before November 2, 1998, that at least 12 of those statements in the Statement of Facts were materially falsified, intentionally inaccurate and criminally perjured.

18. Trimper and Hackney did fail to disclose to the Court that both of them did commit a fraud on the Court and each did use elements of force, threats, itimidation or trickery to get Fiorani to sign a deceptively material Statement of Facts. Thus, each committed perjury and a fraud on the court, on and after November 2, 1998 to May 10, 2002; And again on November 3, 1998, Trimper and Hackney allowed a District Court Judge to directly and indirectly participate in the forcing, threatening, intimidating or tricking of Fiorani to sign a document, that Fiorani unknowingly, unwillingly and involuntarily caused his fabricated criminal conviction, and all resulting damages, proximately caused by Trimper, Hackney and District Court Judge Cacheris, on and after November 3, 1998 to April 10, 2006.

## COUNT 4: CONSPIRACY

19. Fiorani incorporates by reference Counts 1, 2, and 3 in Fiorani's Amended Complaint as set forth herein.

20. On and after September 15, 1998, Trimper and Hackney engaged in a criminal and civil conspiracy to use acts of force, verbal threats, shaped coercion and acts of intimidation against Fiorani to get him to plead guilty to crimes that never happened with District Court Judge Cacheris' knowledge, acceptance and permission, contrary to Fiorani's Constitutional Rights, under the 4th, 5th, 6th and 14th Amendments and Fiorani's Due Process Clause.

21. Before November 2, 1998, Trimper combined, joined and collaborated with Hackney to draft without Fiorani's knowledge, consent nor authorization the fabricated statement of facts.

22. On and after September 9, 1998, Trimper and Hackney engaged in a conspiracy to not challenge, dispute, raise, appeal and to keep Fiorani from ever reading, disputing, challenging, and appealing his fabricated, manufactured and concocted criminal conviction.

23. Defendants Hackney and Trimper, with the full and complete knowledge of District Court Judge Cacheris, where both defendants did have knowledge and awareness that District Court Judge Cacheris acted outside his powers, authority and further committed judicial misconduct that did unconstitutionally block, keep, hinder and prevent Fiorani from obtaining, under 18 U.S.C. § 3006A, all exculpatory facts, evidence, information, documents and transcripts, where Fiorani repeatedly sought, Pro-Se, from the Court, overseen by Cacheris, all court held transcripts of the coerced, threatened and intimidated plea hearing from the District Court's [Cacheris'] clerk, Don McCoy, who taped the threats, coercion and intimidations, where Fiorani said he was not allowed to read, review and challenge the forced to sign, Statement of Facts, under many Supreme Court rulings and holdings, adverse to the District Court Cacheris' and Fourth Circuit Court of Appeal's unconstitutional rulings of denials that violate all of Fiorani's Constitutional Rights, Due Process, Fundamental and Substantial rights under §

1983, *et seq.*;

24. Wherefore, by all of Trimper's, Hackney's and Cacheris' collections of unlawful and unconstitutional acts, conduct and conspiracies, contrary to Fiorani's Constitutional Rights, Civil Rights and Due Process, Procedural and Substantial rights, Fiorani did suffer a wrongful conviction, leading to Fiorani's compensatory damages, over the past eight (8) years.

## **DAMAGES**

Because of defendants' Trimper's and Hackney's conduct against Fiorani, each did intend to knowingly, maliciously, with an intentionally willful disregard for the truth of their representations, both Trimper and Hackney did deliberately, maliciously and wilfully misrepresent the Court, committed fraud on the District Court that was designed to act against Fiorani, by and through Trimper's committed misconduct and Hackney's separately caused and resulted in Fiorani to suffer extremely severe emotional distress of eight (8) years; losses of legal fees over eight (8) years; losses of employment, and an aggravated mental, emotional, and psychological state resulting from a falsified felony charge(s), that was retaliatory and detrimental to Fiorani.

By Fiorani's reliance on defendant Trimper's legal advice, suggestions and threatened, coerced, and many acts of intimidation, including Trimper's many refusals and deliberate failures to investigate evidence, documents and witnesses and Trimper's intentional refusals to aid, assist and file for District Court Judge Cacheris' holdings of exculpatory evidence, transcripts and hearing tapes. All those failures are breaches of

Trimper's responsibilities and fiduciary duties to his client's legal protection defenses.

Wherefore, Plaintiff demands this Court issue Judgment against defendants, including defendant Trimper, jointly and separately in the amount of Three-Hundred Thousand Dollars, ($300,000) compensatory damages; And, where the U.S. Government, and the Governments' many agents did commit these acts, as Agents of the Government, with malice, premeditation, and a deliberate and intentional reckless disregard for all [criminal] defendants' rights protections over the course of eight years, did, accordingly, unconstitutionally block, hinder and prevent Fiorani from ever obtaining all of what the Supreme Court's prior and current rulings have allowed an innocent defendant to obtain to reverse his wrongfully unconstitutional conviction that was condoned, in the amount of Three Million Dollars, ($3,000,000) punitive damages.

*Rosario A. Fiorani Jr.* (signature)
Rosario A. Fiorani, Jr.
Plaintiff, Pro-Se
7115 Latour Court
Kingstowne, VA  22315
(703) 719-0272
(703) 975-7666