RECEIVED
JUL 1 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSARIO A. FIORANI, JR. | ) |
| | ) |
| v. | ) civil action no. 06-739 (RWR) |
| | ) |
| UNITED STATES OF AMERICA, ET AL. | ) |

ANSWER AND GROUNDS OF DEFENSE

TO COMPLAINT AND AMENDED COMPLAINT

ANSWER

Comes now Defendant Glen Trimper, hereafter "Trimper" and states as his Answer and grounds of defense to the Plaintiff's Complaint and Amended Complaint, hereafter collectively the "Complaint" as follows:

1. The allegations contained in paragraphs numbered 1 are admitted only to the extent that Trimper was court appointed by magistrate judge Theresa Buchanan to represent Plaintiff Fiorani, hereafter "FIORANI" as a defendant in a criminal prosecution in the United States District Court for the Eastern District if Virginia, Alexandria Division for fraud by wire and other crimes. The remainder of the paragraph is denied and strict proof demanded.

2.  The allegations contained in paragraph numbered 2 are denied except that it was Trimper's job as court appointed defense counsel to defendant FIORANI against the criminal charges for which he was indicted.

3.  The allegations contained in paragraph numbered 3 are denied.

4.  The allegations contained in paragraph numbered 4 are denied.

5.  The allegations contained in paragraph numbered 5 are denied.

6.  The allegations contained in paragraph numbered 6 are denied.

7.  The allegations contained in paragraph numbered 7 are denied.

8.  The allegations contained in paragraph numbered 8 a through N are denied.

9.  The allegations adopted in paragraph numbered 9 are denied except where previously admitted.

10. The allegations contained in paragraph numbered 10 are denied.

11. The allegations contained in paragraph numbered 11 are denied.

12. The allegations contained in paragraph numbered 12 are denied.

13. The allegations contained in paragraph numbered 13 are denied.

14. The allegations contained in paragraph numbered 14 are denied. Trimper further states that no such misrepresentations were made against FIORANI.

15. The allegations contained in paragraph numbered 15 are denied. Trimper further states that no such false statements, perjuries or misrepresentations were made against FIORANI.

16. The allegations contained in paragraph numbered 16 are denied.

17. The allegations contained in paragraph numbered 17 are denied.

18. The allegations contained in paragraph numbered 18 are denied.

19. Allegations of fact are missing in paragraph numbered 19 as attempt is made by FIORANI to improperly incorporate other counts into Count numbered 4. To the extent that FIORANI intends to adopt the previous allegations of facts alleged in those previous counts 1, 2, and 3, Trimper denies them as previously stated.

20. The allegations contained in paragraph numbered 20 are denied.

21. The allegations contained in paragraph numbered 21 are denied.

22. The allegations contained in paragraph numbered 22 are denied.

23. The allegations contained in paragraph numbered 23 are denied.

24. The allegations contained in paragraph numbered 24 are denied.

## GROUNDS OF DEFENSE

25.  All Federal and Virginia state statutes of limitation as they apply to Counts 1 through 4 of the Complaint as well as to any other stated, cognizable, claim for which relief might be granted.  Count #1 of the Complaint labeled "Breach of Contract" as to Trimper has to do with Trimper's representation of FIORANI in the Alexandria Federal District Court, case number 98-CR-340 as a criminal defense panel attorney appointed by that Court to represent indigent defendants.  The last date on which Trimper represented FIORANI in that regard was January 29, 1999, when FIORANI was sentenced on a wire fraud conviction, having pleaded guilty under oath to that crime.  Trimper's oral agreement with that Virginia Federal District Court has a statute of limitations of 3 years for enforcement by law suit, Virginia Code 1950 8.01-246 (4).  Virginia's statute of limitations for mal practice is three years from the date of the attorney's last service of the client on the matter from which he complains.  FIORANI filed a state action against Trimper in the Alexandria Circuit Court alleging among other things a breach of contract against Trimper.  That action was dismissed on the merits in

4

August 2004, due to FIORANI'S failure to file suit within the three years the statute allowed. FIORANI never appealed that decision and the time has expired to do that. The order dismissing his suit is final. FIORANI'S Count 2 is labeled "Breach of Fiduciary Duty." He does not allege what the specific duties Trimper had toward him or what specific duties were breached. The date from which the statute of limitation would begin to run would be Trimper's last date of service to FIORANI, January 29, 1999, his date of sentencing. Moreover, FIORANI doesn't allege sufficient facts to establish that there was a fiduciary relationship between him and Trimper other than attorney and client. If that is his position then the statute of limitations is three years from the date of Trimper's last service to FIORANI, January 29, 1999, baring FIORANI from litigating it. FIORANI'S Count # 3 labeled "Fraud on the Court" alleges Trimper and Defendant Hackney, presently not served with process of this suit, conspired to misrepresent facts to Federal District Court Judge Cacheris that FIORANI voluntarily signed his plea agreement, when in fact he had not. FIORANI alleges and concludes such actions were a fraud on the Court, a fraud on Judge Cacheris. In the same sentence FIORANI alleges that Judge Cacheris was in or and part of the fraudulent effort by Hackney and Trimper. FIORANI alleges the fraud began November 2, 1998, and continued on after that date. The statute would have started to run on the date of FIORANI'S sentencing January 29, 1999. He filed the present action in this Court May 25, 2006, a period of time of six (6) years and almost four months later. Count 4 labeled "Conspiracy" alleges Hackney and Trimper with Judge Cacheris' knowledge and permission as sentencing judge conspired to intimidate and coerce him into pleading guilty to charged crimes. The statute of limitations would have began to run January 29, 1999, more than six years before

FIORANI filed this case. The statute of limitations for the civil rights statutes alleged by FIORANI to have been violated, 42 U.S.C. 1983 and 1985, is 2 years, <u>Merrigan v. Affiliated Bank-shares of Colorado, Inc.</u>, D. Colo. 1991, 775 F. Supp. 1408, 956 F. 2nd. 278, cert. denied 113 S. Ct. 76, 506 U.S. 823, 1231 L. Ed. 2d 40. The time for accrual of a cause of action under 1983 is a matter of federal law under which cause of action accrues when plaintiff possesses sufficient facts about harm done that reasonable inquiry will reveal cause of action. <u>Brooks v. City of Winston-Salem</u>, N.C., C.A. 4 (N.C) 1996, 85 F. 3rd 178.

26. Plaintiff's failure to state a claim upon which relief may be granted to him in a United States District Court as to Counts 1 through 4 of the Complaint.

27. Plaintiff's constitutional rights were not violated.

28. Any damages suffered by Plaintiff were due to his own criminal behavior and not due to any acts of Defendant Trimper.

29. Plaintiff has no standing to seek relief for the claims stated in Counts 1 through 4 of the Complaint.

30. Defendant Trimper will rely on all grounds of defense to negligence including

FIORANI'S negligence, contributory negligence, failure to limit his damages, his actions of lying and misrepresenting material facts to Trimper as his defense counsel during his criminal prosecution and leading up to his plea of guilty under oath.

31. Collateral estoppel, estoppels by fact, estoppel in by behavior, previous inconsistent positions taken on allegations of facts and the doctrine of res judicata. FIORANI previously sued Trimper in the Alexandria Circuit Court, **Law No. CL 04001148** alleging incompetent services as a defense counsel for FIORANI, breach of contract, in the mentioned Federal District Court criminal action. Therein all allegations of fact alleged in this action were alleged but given a different spin and conclusion so as not to mention civil rights violations as alleged in the Complaint before the Court. The Alexandria Circuit Court action was dismissed on the merits against FIORANI August 2004 and no appeal was taken. The time for taking such appeal has now expired. FIORANI seeks to again litigate the same allegations in the state court action in this action by alleging them to be violations of his civil rights committed by his court appointed attorney who he states was a government agent.

32. FIORANI fails to state sufficient facts in this action to make a claim out against Trimper for a civil right violation under 42 U.S.C. 1983 or 1985.

33. FIORANI has failed to state the Court's proper jurisdiction over his alleged civil claim but assigns jurisdiction based on 28 U.S.C. 2255, habeas corpus statute to test the validity of his criminal conviction in the Federal District Court of the Eastern District of Virginia. That is a blatant attempt to collaterally attack his previous felony conviction in

7

the Virginia Federal District Court case 98-CR-340. The Virginia Federal District Court mentioned would be the proper venue for FIORANI to challenge his plea of guilty and conviction, not this Court.

34. FIORANI has failed to join an indispensable party to his suit so as to prevent the Court from offering complete relief in this case. In paragraph numbered 11. FIORANI alleges that his prosecutor, Hackney, and Trimper willfully conspired in his Virginia Federal District Court criminal case to misrepresent to his trial judge, Chief Judge Cacheris, that FIORANI had knowingly signed a plea agreement pleading guilty to a crime that FIORANI says never occurred and that the judge knew the representations to be false and gave his consent and permission to such behavior which FIORANI also alleges to be a fraud on the Court. If Chief Judge Cacheris was a party to such fraud on his court then he should also be a party to this case as a defendant in order that complete relief may be granted to the Defendants.

35. FIORANI has chosen this court as a venue for his most recent suit against the defendants as he has worn out his welcome in the Federal District Court in Alexandria, having previously filed and attempted to litigate numerous spurious civil suits there. Even though the acts of which he complains allegedly happened in the Eastern District of Virginia; Defendant Trimper's law office is located and his representation of FIORANI in a criminal prosecution took place in Alexandria; Defendant Hackney was a prosecutor in the Alexandria Federal District Court and where the grand jury sat that indicted FIORANI for his crimes. The search warrant raid on FIORANI'S house from which

8

evidence was seized and used against him to obtain an indictment of FIORIANI and his plea of guilty under oath is in Fairfax County Virginia as well. Judge Cacheris' alleged wrongful acts were alleged by FIORANI to have been committed in Alexandria. Everything associated with FIORANI'S alleged claims is in Virginia. The forum most convenient to the parties and the court to try FIORANI'S case is in the Federal District Court in Alexandria, Virginia. The only nexus connecting this case to the District court in the District of Columbia is the offices of the FBI and the IRS are found there. The District of Columbia is a forum of non-convenes. The Plaintiff and Trimper are residents of Virginia. The Case should be transferred to the Federal District Court for the Eastern District of Virginia, Alexandria Division for that reason as it is the forum of most convenience.

36. FIORANI has filed this civil claim without a genuine basis of facts against the Defendants he has named in his suit. On information and belief FIORANI has previously filed in excess of twenty spurious law suits against Trimper and others who were his victims in criminal activity for which he pleaded guilty and was found guilty in Virginia both in federal and state courts. He has previously told the state court that he did not fear money sanctions being imposed against him as he was judgment proof. The Court may be able to address his spurious activity that costs and continues to cost his named defendants funds to defend against these spurious suits by imposing monetary sanctions against him.

Wherefore the Defendant Trimper having fully answered the Complaint moves the court to dismiss it with sanctions, costs and attorney fees against FIORANI.

_____
Glen A. Trimper

## CERTIFICATE

I hereby certify that a true copy of the foregoing ANSWER and GROUNDS OF DEFENSE was this 18th day of July mailed to Rosatio Fiorani, Jr. 7115 Latour Court, Kingstowne, Virginia 22315.

_____
Glen A. Trimper

10