RECEIVED
AUG 0 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSARIO A. FIORANI, JR.<br>     PLAINTIFF, PRO-SE<br><br>                    v.<br><br>UNITED STATES OF AMERICA<br><br>UNITED STATES ATTORNEY'S OFFICE<br>DAVID HACKNEY, ESQ.,<br><br>GLEN A. TRIMPER, ESQ.<br><br>INTERNAL REVENUE SERVICE AGENTS:<br>JOHN WANAT, SPEC. AGT. CID; AND,<br>KEVIN DAVIES, SPEC. AGT, CID<br>AND<br><br>JASON MINARD<br>     DEFENDANTS, ET AL | CIVIL ACTION NO:   06 - 0739 RWR |

## PLAINTIFF'S RESPONSE TO DEFENDANT TRIMPER'S
## ANSWERS AND GROUNDS OF DEFENSE

COMES NOW the Plaintiff, Pro-Se, to respectfully request this Court to deny defendant Glen Trimper's, (hereinafter, TRIMPER), answers and grounds of defense for these reasons as outlined and stated below.

1.  Plaintiff challenges, contests and disputes all TRIMPER'S distorted claims and purposely falsified assertions made in his Answers and Grounds of Defense with Plaintiff's evidence, facts, EXHIBITS-documents and other THIRD-PARTY information gotten for Plaintiff Pro-Se and his (prior) defense attorneys which

show to this Court [that] TRIMPER has committed perjury[1] by TRIMPER making his false, material claims and statements of facts where TRIMPER knowingly omitted many other certain specific facts to this Court, in TRIMPER'S Answers and Grounds of Defense that make his Answers and Grounds of Defense false.

2. Plaintiff submits to this Court specific facts received from the District Court's clerk between, or about October 1, 2000 to May 10, 2002, where the Court's clerk told Plaintiff and his [paid] attorney, John DIJOSEPH, Esq., that TRIMPER'S representation does not end until May 10, 2002, as evidenced by the EXHIBIT-documents, proving TRIMPER had prior facts, knowledge and court information before he submitted his Answers and Grounds of Defense to this Court. Whereas over the past eight (8) years TRIMPER had all this information presented to him before and after September 15, 1998, emanating from at least two (2) [paid] attorneys of Plaintiff's. Each attorney, GARDINER and DUBE told TRIMPER, showing him, and Plaintiff FIORANI that they demand TRIMPER perform his -Court appointed duties faithfully-. TRIMPER has never done anything on behalf of Plaintiff to investigate, challenge and file any appeals on behalf of Plaintiff during his court-appointment,, as evidenced by herein.

---

[1]. Black's Law Dictionary, "Perjury", 'The act or an instance of a person's deliberately making material false or misleading statements while under oath.' [Cases: Perjury,-Also termed false swearing, false oath,1. C.J.S. Perjury, §§ 2-3, 5-8, 21,]

3. Plaintiff's submitted EXHIBITS-documents, (Exhs. 1-12), will show differences in TRIMPER'S deliberately falsified, or omitted certain specific facts not stated in his Answers and Grounds of Defense. TRIMPER knowingly omitted many facts he knew about and would prove TRIMPER committed perjury, (by him making materially false statements) to this Court, as TRIMPER did, and TRIMPER'S falsifying to the Virginia Circuit Court in Alexandria in the two (2) civil cases he has referenced in his Answers and Grounds of Defense, CV 02-0291 and CL 04-1148 in Alexandria (City)[2] Circuit Court and in the U.S. District Court for the Eastern District of Virginia, under District Judge CACHERIS.

4. Contrary to the U.S. District Court Judge's and 4th Circuit Court of Appeals' unconstitutional denials of Plaintiff's fact-specific evidence, EXHIBIT-documents regarding TRIMPER, Plaintiff has been instructed to file with the U.S. Senate and U.S. Department of Justice, judicial misconduct actions against CACHERIS for his repeatedly unconstitutional acts against Plaintiff while a District Court Judge. All Judge CACHERIS' and 4th Circuit Courts' rulings are contrary to the holdings of the U.S. Supreme Court *In re.:* <u>Strickland v. Washington</u> (citations omitted), (1984) and its progeny where CACHERIS knew, had reasons to know and was repeatedly told that Plaintiff was forced, threatened, tricked and intimidated by

---

[2]. (SEE Circuit Court cases, Alexandria City Circuit Court cases 02-020491 and 04-1148's) discovery documents and Plaintiff's exhibits, similar to those Plaintiff will present here and that was presented to the U.S. Attorney General's Office. All those/these EXHIBITS TRIMPER knew existed against him, were vividly disputing his repeated false claims, assertions and facts that he was not removed, eliminated, nor dismissed by any District Court Judge from representing Plaintiff.

his Court's officers, TRIMPER and HACKNEY, sufficiently with this evidence, EXHIBIT-documents and other 'newly obtained' given facts from THIRD-PARTY defense attorneys GARDINER, DUBE, DIJOSEPH and USADAG TSONOFF during 1999-2005, some of which were documents obtained from the grand jury with the aid and assistance of those three (3) grand jurors[3].

5. Plaintiff denies, challenges and disputes each false claim, assertion and answer made by TRIMPER in his Answers and Grounds of Defense.

Instead, TRIMPER aided, abetted, and concealed or covered up all facts of FIORANI's innocence given to TRIMPER by THIRD-PARTY's that would clear the Plaintiff from any of the GOVERNMENT'S concocted and manipulated facts exhibited here, and in Plaintiff's other more than 50 EXHIBITS, provided proving and showing TRIMPER was totally ineffective, deliberately deficient or defective as to all his representation of Plaintiff as a Court appointed attorney as found by the Supreme Court's ruling, <u>Strickland v. Washington</u>.

6. Accordingly, with TRIMPER'S many false answers and grounds of defense and TRIMPER'S many omissions of certain specific facts, made false claims and made untruthful statements, TRIMPER has committed perjury, under 18 U.S.C. § 1001,

---

[3]. Plaintiff was not made aware of those meetings, discussions and information obtained from those grand jurors until about three years later, when those documents, evidence and information showed vividly that TRIMPER'S actions and misconduct brightly illustrated his repeated failures in 1999 to actively defend not just FIORANI, but nearly 200 other court-appointed defendants, when Fiorani and DIJOSEPH actively went through each defendant's court file and found TRIMPER did not do anything to defend any of them, once a fabricated, concocted and manufactured indictment was gotten by the GOVERNMENT showing a past and present pattern of misconduct and unconstitutional behavior by a court appointed defense attorney in collaborations with the GOVERNMENT'S AUSA.

by his "[d]eliberately making materially false statements, under oath, and knowingly or intentionally omitting truthful statements to this Court as Answers and Grounds of Defense.

7. Plaintiff disputes TRIMPER'S materially made statements contained in his Answer and Grounds of Defense, in its entirety.

8. Specifically, TRIMPER knew he omitted certain fact specific, knowingly made, materially false statements intending to deliberately mislead this Court about his representation(s) of Plaintiff, contradicted by Plaintiff's dozens of EXHIBITS, facts and evidence, (See Pltf's. Exhs. 1-12), many of which prove TRIMPER'S deceptions to this Court and to the Circuit Court in Alexandria City, Virginia. Plaintiff's own EXHIBITS illustrate certain specific facts which do specifically contradict and must cast doubt on anything made by TRIMPER in his ¶¶ 1-25 and 26-36, pages 1-4 and 5-10, separately and/or collectively against Plaintiff.

## PLAINTIFF'S EXHIBITS AND EVIDENCE

9. Plaintiff submits to this Court in (Pltf's. Exh. 1), a Fourth Circuit Court of Appeals Order issued on June 30, 1999, proving TRIMPER did unconstitutionally unethically, and purposely refused, failed to and did ignore that Fourth Circuit Court's Order telling TRIMPER to file Plaintiff's first criminal appeal, as of right, under the Supreme Court's ruling(s) and holdings. (See. U.S. v. Gonzalez-Lopez 546 U.S. \_\_\_\_ (2006), where the Court further cited for ineffective or deficient assistance of defense counsel, Mickens v. Taylor,, 535 U.S. 162, 166, and *In re.:*

Dickerson v. United States, 000 U.S. 99-525, (2000); Penson v. Ohio, 488 U.S. 75, (1988); among other ineffective assistance of counsel Supreme Court cases, Wiggins v. Smith, 123 S.Ct. 2527, (2003). And Cf. Crawford v. Washington, 541 U.S. 36, 61, (2003), "The right to counsel of choice commands . . . that a particular guarantee of fairness by provided -to wit, that the accused by defended by the counsel he believes is best."

10. Plaintiff submits to this Court in (Pltf's Exh. 2), a court stamped letter to U.S. Magistrate Judge Buchanan dated July 15, 2000. In that letter, Plaintiff states, "I have been repeatedly denied hearings and the ability to obtain exculpatory evidence from this Court's Clerk, Court Reporter, D(on) McCoy, S. Moses and E. Farmer.". Plaintiff's EXHIBIT further makes specific references to "TRIMPER, 'my attorney has not been actively working with me to seek my exoneration of a crime that did not occur and did not happen." . . . " I [respectfully] request new Court appointed attorney -who will work for me to prove my innocence. . .-".

11. Plaintiff submits to this Court a dozen EXHIBITS showing all of TRIMPER'S claims and assertions made in his answers and grounds of defense are knowingly and materially false statements.

(A). TRIMPER was ordered by U.S. District Judge CACHERIS and District Judge Buchanan to represent Plaintiff. (See. Pltf's Exh. 5, DOCKET SHEET, dated 7/5/00, pg. 10).

(B). On Docket Sheet, page 11, #61, July 25, 2000), the Court ordered TRIMPER

to represent Plaintiff. TRIMPER did not represent FIORANI contrary to, and factually disputed by Plaintiff's EXHIBITS-documents. However, TRIMPER designedly made many, certain specific claims untruthfully made, but materially false statements in his Answers and Grounds of Defense(s) in ¶¶ 25-36, on pages 4-10. In TRIMPER'S Answer and Grounds of Defense, he makes a deceptive calculation of the Statute of Limitations that are knowingly and deliberately false, not just misleading by three (3) years. (See. Statute of Limitations on page 5.) "...

(C) TRIMPER'S last date of service to FIORANI, January 29, 1999, . . ." That statement is materially false, knowingly omitting TRIMPER was Ordered by a Federal Circuit Court of Appeals Judge to represent FIORANI on June 30, 1999; (D), by a U.S. District Court (Magistrate) Judge Buchanan on July 25, 2000; (E), A Court order issued to TRIMPER, HACKNEY and Plaintiff to appear on January 29, 1999 in Judge T. S. Ellis' courtroom, (Pltf's Exh. 12), clearly makes TRIMPER'S claims, fabricated and materially false, subject to perjury under 18 U.S.C. § 1001, or at least in the interim, TRIMPER purposely committed –fraud on this Court–, under perjury.

(Perjury is the false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory. U..S. v. Bennett, 368 F.3d 1343, (11th Cir. 2004), cert. granted, vacated, 125 S.Ct. 1044, on remand, 131 Fed. Appx. 657, (2004)); (See also, U.S. v.

Bass, 325 F.3d 847, (7th Cir., 2003).

12. Plaintiff specifically disputes with these certain, fact specific exhibit-documents that challenges each of TRIMPER'S Answers and Grounds of Defense as a commission of fraud(s) on this Court. Accordingly, Plaintiff requests this Court to strike all TRIMPER'S answers and grounds of defenses made to this Court, against Plaintiff and his Complaint.

13 Plaintiff submits to this Court in (Pltf's Exh. 3), the District Court's list of all of TRIMPER'S other 'criminal' defendants. All of them were forced, tricked, threatened and intimidated to plead guilty to crimes that were found fabricated, manufactured or manipulated by the U.S. GOVERNMENT'S AUSA, and where TRIMPER, with the aid and assistance of the District Court Judge in that case, failed to properly question the court's officers on how they got these unlawfully unconstitutional pleas, without any of them going to a trial, none of them going to an appeal, and not one of them ever seeking any other legal actions against the GOVERNMENT'S factually found, perjured indictments, as many law professors state in public, "[i]n today's grand jury, the GOVERNMENT can *INDICT A HAMBURGER FOR ANYTHING THAT THE GOVERNMENT WANTS TO CLAIM IS A CRIME."*

14. Plaintiff submits to this Court in (Pltf's Exh. 4.), a letter regarding to the IRS Commissioner, Rossotti, concerning the GOVERNMENT'S agents manufacturing in the search & seizure warrant's affidavit, factually specific evidence that IRS

Agent WANAT purposely manipulated Paragraph 10 of the unconstitutionally obtained search and seizure affidavit, deliberately misleading District Court Magistrate Judge Buchanan. TRIMPER repeatedly failed to challenge that ¶ 10 of the Warrant Affidavit that IRS disputed as untruthful, factually incorrect and making a showing that the IRS agents WANAT and DAVIES WERE NOT ALLOWED TO CONDUCT ANY CRIMINAL INVESTIGATIONS. That document was from the IRS was sent to Plaintiff's (paid attorney) Richard GARDINER, Esq., (hereinafter, GARDINER), in June 1998. Plaintiff's paid attorneys relied on the U.S. Supreme Court's holding(s) and rulings *In re.:* U.S. v. Leon, (citations omitted), and Franks v. Delaware, (citations omitted) regarding Plaintiff's first paid attorneys, who were to represent Plaintiff against those false, fabricated, concocted and manufactured criminal charges regarding allegations first made in the Search & Seizure warrant's affidavit that were disproved by AUSA Robert CHESTNUT, per GARDINER.

Those paid attorneys would be witnesses against TRIMPER in this case showing that the IRS agents illegally obtained IRS personnel records information and helped to fabricate, mislead, misrepresent and distort, under Leon and Frank's that Magistrate Judge Buchanan was purposely misled, deceived and TRIMPER repeatedly failed, refused and ignored to challenge those facts showing Judge Buchanan was purposely misled by both IRS agents, WANAT and DAVIES.

15. The recent U.S. Supreme Court ruling in <u>U.S. v. Gonzalez-Lopez</u>, June 26, 2006, held, "that ineffective assistance of counsel is reversible error where the District Court refused to allow a criminal defendant's (Plaintiff's) first paid attorney (GARDINER) to represent the criminal defendant, (Plaintiff)." Instead, Plaintiff was given a more defective, deficient and totally ineffective attorney by a U.S. Magistrate Judge Buchanan after refusing to allow Plaintiff's paid attorneys, GARDINER and DUBE to represent Plaintiff. The GOVERNMENT'S AUSA, David HACKNEY deliberately concocted, perjured grand juror testimony and deliberately altered GOVERNMENT EXHIBITS fabricated to obtain an unlawful and unconstitutional indictment on crimes that other evidence proves did not happen nor never occurred. Therefore, showing TRIMPER was deficient, intentionally ineffective and knowingly defective, thereby violating all Plaintiff's civil and Constitutional Rights protections under the 4th, 5th, 6th and 14th Amendments, under Due Process Clause.

16. Plaintiff submits to this Court in (Pltf's Exh. 5), copies of the. District Court's recorded Docket Sheets for criminal case, Cr. 98-0340, including all pages from 1 to 14. In those pages TRIMPER was –**NEVER RELEASED FROM BEING APPOINTED TO DEFEND PLAINTIFF BEFORE MAY 10, 2002.** Plaintiff disputes TRIMPER'S Answers and Grounds of Defense as materially false, perjured and knowingly misleading wherein the Docket pages, MARKED OR HIGHLIGHTED reference the District Court issued **CJA 20**, (*Criminal Justice Act*),

ordering TRIMPER to defend Plaintiff on July 18, 2000 to September 1, 2000, not January 29, 1999 as falsely stated by TRIMPER in his ¶¶ 25-36, pages 4-10.

17. Plaintiff submits to this Court in (Pltf's Exh. 6), 1 of about 50, or more EXHIBITS and *from a third party's other source documents, would independently prove beyond any reasonable doubt* that TRIMPER's actions and omissions are fixed proof TRIMPER was deliberately ineffective, deficient and TRIMPER did make no effort(s) to challenge, defensively, any alleged claims made by HACKNEY that Fiorani committed alleged crimes, manufactured, manipulated and falsely stated to the grand jury, on disputable facts, altered evidence and misleading, if not deliberately perjured grand jury testimony by the IRS agents, GONZALEZ and MINARD. Plaintiff further submits to this Court that TRIMPER did not ever question, challenge nor conduct any interviews of the GOVERNMENT'S witnesses or other EXHIBIT that would challenge HACKNEY'S Statement of Facts, (hereinafter, "SOF").

18. Plaintiff submits to this Court in (Pltf's Exh. 7a), Maryland's Motor Vehicle Administration letter sent to Plaintiff, dated September 4, 1998, five (5) days before HACKNEY fabricated and deliberately manufactured an indictment that Plaintiff's paid attorneys, GARDINER and DUBE were able to expose through an investigator's meeting with three (3) Grand Jurors, led by Ms. Monica Morrisson, who told the investigator that HACKNEY and the IRS agents each **-altered, concealed and either whited out or scratched out- evidence or EXHIBITS that**

**would support a criminal defendant's innocence.-** Further supporting Plaintiff's Complaint filed with this Court under all Counts.

19. Plaintiff submits to this Court in (Pltf's Exh. 7b), a letter written by Plaintiff and mailed to the Maryland State's Attorney General, J. Joseph Currant, Esq. on January 10, 1998, exposing that the GOVERNMENT and HACKNEY'S alleged lead witness, defendant Jason MINARD, (hereinafter, MINARD) had committed perjury. MINARD did knowingly make false statements, under oath, leading to an IRS fabricated, manipulated and illegal raid on February 6, 1998. Plaintiff's EXHIBITS expose TRIMPER, HACKNEY, DAVIES, WANAT and MINARD, one of the GOVERNMENT'S witnesses, who did purposely fabricate evidence, information and with the guidance and assistance from IRS agents DAVIES and WANAT counseled by HACKNEY, allowed MINARD, DAVIES, GONZALEZ AND WANAT to commit perjury to the grand jury, per forewoman, Morrison.

20. Plaintiff submits to this Court in (Pltf's Exh. 8), a letter written by Commissioner Secretariat, Ms. Gail Carroll. She told GARDINER, through her telephone calls and other information that HACKNEY did purposely concoct, fabricate and ignore the IRS Commissioner's Rossotti's statement from the letter, "The IRS has no jurisdiction over criminal matters . . ." . . . "[t]herefore, your concern about the individuals who gave false information must be pursued through that office."

21. TRIMPER and HACKNEY covered up this one (1) EXHIBIT of nearly 100 other EXHIBITS of independent facts, EXHIBITS received from third parties showing

Page 13 of 20

TRIMPER did intentionally know about these facts. That TRIMPER did knowingly purport on this Court as TRIMPER did on the District Court in Alexandria, Virginia.

22. TRIMPER repeatedly failed, refused and intentionally ignored any of Plaintiff's facts and documents of innocence. And, TRIMPER did ignore, repeatedly, all of GARDINER'S, DUBE'S, USADAG'S, and DIJOSEPH'S evidence, facts, THIRD-PARTY documents and information that proved FIORANI'S innocence of any crime(s) alleged in the manipulated, concocted and fabricated Statement of Facts claimed in a purposely unlawful indictment.

23. Plaintiff submits to this Court in (Pltf's Exh. 9), is a document HACKNEY and IRS agents WANAT and DAVIES purported to grand jurors a GOVERNMENT'S EXHIBIT 16, contrary to Monica Morrisson, lead grand juror, implying Plaintiff wrote it and that Plaintiff committed a crime where there is no crime committed on that EXHIBIT.

24. Plaintiff's prior paid attorneys, GARDINER and DUBE disputed, challenged and demanded that TRIMPER also file all challenges, disputes and EXHIBITS against GOVERNMENT AUSA HACKNEY'S uses of perjured, manufactured, altered and distorted evidence, such as EXHIBIT 16. That manipulated evidence was from MINARD and GONZALEZ purposely written by MINARD with both IRS agents' knowledge. Thereby used in the Grand Jury, misleadingly claimed by HACKNEY, but never disputed nor challenged or investigated by TRIMPER as

Plaintiff's court-appointed-defense counsel disputing it. TRIMPER never investigated anything given to him as Plaintiff's defense attorney, any (EXHIBITS) document, facts and information that was reviewed by Mr. GARDINER, Mr. DUBE and Plaintiff's cousin, an ADA in FIORANI'S family to prove Plaintiff is innocent of any concocted, false and manufactured criminal charges made in the Statement of Facts, (SOF) from a fabricated indictment.

25. TRIMPER never interviewed any witnesses, contrary to TRIMPER'S deliberately false statements made in his Answer(s) and Grounds of Defense, ¶¶ 1-36, but specifically, ¶ 25-36, pp. 4-10, "Plaintiff's failure to state a claim . . .as to Counts 1 through 4 . . ." is totally shown by Plaintiff's facts and evidence, and according to other (third party-legal advisors), that TRIMPER has knowingly committed perjury, made materially false statements that TRIMPER knew of, and had specific knowledge about before he filed his premeditated and calculated false denials, exhibited in ¶¶ 26-36, pages 6-10.

26. TRIMPER never questioned nor challenged the indictment, where there are many specifically concocted, manufactured or manipulated EXHIBITS, per other (THIRD-PARTY) source information, similar to, but directly relating to the false evidence/EXHIBITS proposed by the GOVERNMENT'S HACKNEY. In this document, Plaintiff's EXHIBIT, circled in the top-right-corner falsely alleging Plaintiff had GEICO insurance is a deliberately fabricated, manufactured EXHIBIT, and that document is only one (1) of the more than 50 other EXHIBITS

(enclosed) proving Plaintiff was/is innocent of any such crimes.

27. TRIMPER repeatedly refused, failed and ignored conducting any such defensive investigations against the GOVERNMENT'S HACKNEY'S piece of evidence listed as GOVERNMENT'S EXHIBIT #16.

28. Plaintiff submits to this Court in these 12 EXHIBITS, a part and a portion of those EXHIBITS that should vividly prove to this Court that TRIMPER'S claims are fully disputed, contradicted and that TRIMPER had **knowingly committed perjury, made materially false, distorted or misleading claims, failing to investigate all of HACKNEY'S falsified, concocted or distorted evidence** used on behalf of the GOVERNMENT to obtain an unlawful and unconstitutional indictment.

29. Plaintiff submits to this Court in (Pltf's Exh.10), a "GOVERNMENT EXHIBIT used by HACKNEY in the grand jury, "*DEAL CALCULATION SHEET*", falsely alleging to grand jurors, per grand juror forewoman, Morrisson that the document was written by Plaintiff. Contrary to facts, it was written by MINARD, against Plaintiff, on behalf of the IRS agents, WANAT and DAVIES to falsely certify a document, without Plaintiff's prior knowledge, consent, or authorization.

30. Plaintiff testifies, through his EXHIBITS-documents, facts and THIRD-PARTY information provided to this Court, that TRIMPER has unconstitutionally failed and deliberately refused to conduct any criminal defense investigations on behalf

of FIORANI during the period from September 15, 1998 to May 10, 2002, in partnership with other prior paid criminal defense attorneys, GARDINER, DUBE, USADAG TSONOFF and DIJOSEPH, among others who would testify against TRIMPER, showing that, per Plaintiff's EXHIBIT(s) 1-12, TRIMPER repeatedly failed, refused and ignored conducting any criminal (defense) investigations on behalf of those nearly 200 other court appointed defendants. Each defendant was **–forced, tricked, coerced, threatened or intimidated into pleading guilty to crime(s) that did not ever happened.** (See Strickland v. Washington, 466 U.S. 668, 691-696, (1984); U.S. v. Gonzalez-Lopez, June 26, 2006, (546 U.S. ___ (2006).

31. Plaintiff's dozens of EXHIBITS and documents do independently prove and do contradict, or prove, TRIMPER made many premeditated false statements to this Court that exceeds the boundaries in the commissions of fraud on this Court in ¶ ¶ 1-24 and 25-36, but specifically made in ¶ 25-36, pages 4-10.

32. Plaintiff submits to this Court in (Pltf's Exhs. 11a & b), Avila v. Galaza, July 22, 2002, a print out of the 9th Circuit's ruling, similar to the U.S. Supreme Court in its ruling on June 26, 2006, U.S. v. Gonzalez-Lopez, referred Plaintiff and Plaintiff's (paid attorneys), GARDINER, DUBE, and DIJOSEPH, and (assistance from USADAG, TSONOFF) about the evidence needed to further prove TRIMPER is defective, deficient, ineffective and show TRIMPER did not conduct any such (criminal) investigations; (b) TRIMPER failed and refused to conduct any such defense investigations; (c) TRIMPER failed or refused to file any of

Page 17 of 20

Plaintiff's criminal appeals, per EXHIBIT 1; (d) TRIMPER failed, refused or ignored challenging the grand jury indictment.

33. Plaintiff's EXHIBIT 11b, is from USADAG TSONOFF, who sent Plaintiff and his attorney, John DIJOSEPH the enclosed 4th Circuit Court's ruling on similar acts and bad conduct committed by TRIMPER, showing TRIMPER'S conduct was and is purposely ineffective, willfully deficient and intentionally defective as Plaintiff's court-appointed defense counsel, as exposed by and though Plaintiff's dozen EXHIBITS and other THIRD-PARTY sources' information and documents.

34. Plaintiff respectfully requests that this Court deny and stricken all TRIMPER'S Answer(s) and Grounds of Defense on the grounds TRIMPER has purposely committed perjury, as made under oath, as an attorney, licensed to practice in Virginia, as an officer of a Court where TRIMPER has submitted completely false, misleading and totally inaccurate assertions of fact to this Court as shown by Plaintiff's 12 EXHIBITS and other independently listed documents.

35. Plaintiff submits to this Court in (Pltf's Exh. 12),a certified copy of a Court hearing where neither TRIMPER nor HACKNEY appeared, despite both being ordered to appear before U.S. District Judge T.S. Ellis, on January 29, 1999. Enclosed as Plaintiff's EXHIBIT, evidence, is the transcript where Judge Ellis asked Plaintiff where is his (court-appointed attorney, TRIMPER) and where is the AUSA, David HACKNEY, Esq.. Another attorney was in the courtroom and he claimed that both attorneys were in the another courtroom, but then suddenly

ignored his order sent to Plaintiff, as attested to in the transcript, as well as that TRIMPER and HACKNEY knowingly failed, refused and ignored appearing pursuant to a Federal Judge's order.

36. It is for these reasons that Plaintiff and others have tried to get TRIMPER disbarred for his repeatedly unethical, illegal and deliberate acts of perjury or making false statements as Plaintiff has proven are made to this Court and to Plaintiff, herein.

37. Plaintiff submits to this Court in (Pltf's Exhs. 12a-d), a copy of Plaintiff's drafted Supreme Court Certiorari that is now a basis for Plaintiff's facts, EXHIBITS, documents and THIRD-PARTY source information finding that TRIMPER did commit acts and misconduct that directly proves TRIMPER was ineffective, deficient and totally defective when TRIMPER was –court-appointed defense attorney – under <u>Strickland v. Washington,</u> (citations omitted).

38. In the recent ruling handed down by the U.S. Supreme Court, *In re.*; <u>Gonzalez-Lopez</u>, Plaintiff possesses other interrelated, highly relevant and specifically vital facts, EXHIBIT-documents and evidence that prove, or should prove TRIMPER'S omissions to act, repeated failures to act, and where under the Ninth Circuit's <u>Avila v. Galaza</u>, 297 F.3, 911 (9th Cir., 2002) illustrated a holding by a Federal Circuit Court, that when a court-appointed attorney purposely fails, refuses or ignores conducting a(ny) criminal defense investigations on behalf of his court-appointed client, that failure amounts to –ineffective assistance of counsel.– The

Supreme Court's opinion in its recent holding, <u>U.S. v. Gonzalez-Lopez,</u> (546 U.S. ___, (June 26, 2006), renders this Court with much additional information citations from which to rely on in Plaintiff's claims of ineffective assistance of counsel, whereby and through Plaintiff's fact-specific, certainly clear EXHIBITS-documents, illuminates this attorney, TRIMPER'S repeated failures, disobedience and at least three (3) Court rulings and orders to do something on behalf of his client. But, from the very beginning, September 15, 1998, forward, TRIMPER at no time did not ever do anything remotely close to his legal requirements of defending his –court-appointed- client, under the Supreme Court's ruling in <u>Strickland v. Washington,</u> (1984), and its progeny, further cited in the Supreme Court's recent holding of *In re.:* <u>Gonzalez-Lopez.</u>

*(signature)*
Rosario A. Fiorani, Jr.
Plaintiff, Pro-Se
7115 Latour Court
Kingstowne, VA  22315
(703) 719-0272 home

### CERTIFICATE OF SERVICE

Plaintiff certifies he has mailed, postage prepaid, to defendants, Trimper and the U.S. GOVERNMENT, U.S. Attorney General's Office, **PLAINTIFF'S RESPONSE TO DEFENDANT TRIMPER'S ANSWERS AND GROUNDS OF DEFENSE WITH EXHIBITS** to Glen TRIMPER, 2034 Eisenhower Avenue, Alexandria, VA., 22314, and U.S. Attorney's Office, Department of Justice, 935 Pennsylvania Avenue, N.W., Washington, D.C., 20850 on August  , 2006.

Page 20 of 20

*Rosario A. Fiorani, Jr.*
Rosario A. Fiorani, Jr.
Plaintiff, Pro-Se
7115 Latour Court
Kingstowne, VA  22315
(703) 719-0272