ordered, Crystal Ford did not give FIORANI a vehicle.

8. I have spoken to Sharon Wilder, an investigator for the Division of Consumer Affairs, Rockville, Maryland. She told me that FIORANI had filed a complaint against Crystal Ford, claiming that Crystal Ford had sold the car he had ordered to another person.

9. I have reviewed a letter that FIORANI sent to the Attorney General of Maryland on December 23, 1997. In that letter, FIORANI claims that Crystal Ford committed violations of law in its handling of his matter, and stated that he seeks damages of approximately $24,000 against Crystal Ford. At the end of the letter, FIORANI gives his address as 7115 Latour Court, Alexandria, VA, 22315, and also gives a Northern Virginia fax number. Virginia Motor Vehicles records confirm that this is FIORANI's address, and a postal employee has confirmed that FIORANI still receives mail at this address.

10. A review of Internal Revenue Service records indicates that FIORANI was hired by the Internal Revenue Service on July 18, 1988 and terminated on October 5, 1992 for falsifying employment applications forms. He has not been an employee of the Department of Treasury since that

*[handwritten annotations: "WANAT KNEW IN FOCUS!!", "See SF-5 10/4/92 resigned", "MSPB Reversed for false Removal"]*

5

*[handwritten: "Attachment C"]*

*referenced by Hackney*
*Jan. 29th, 1999 transcript*

December 9, 1998

United States District Court
Eastern District of Virginia
Chief Judge James Cacheris
401 Courthouse Road
Alexandria, VA  22314

COPY

Dear Judge Cacheris:

    I am Mrs. Rosario "Ross" A. Fiorani, Jr. and I am writing to you on behalf of my husband's criminal conviction. I am seeking that you provide him leniency on his sentence, allowing him to correct his life and obtain employment.

    I told Mrs. Williams that I believe this matter is a serious misunderstanding. I do not believe my husband would get involved with any criminal activity. When he showed me the Statement of Facts, he said, he was not allowed to read it prior to signing it in court that day, November 2. <u>He was not provided a copy after he signed it, finding many statements were false, misleading and not at all related to what he had pled guilty to</u>. But, many statements in the Statement of Facts were making him appear <u>guilty of other things which he is not guilty of</u>.

    I am not with Ross most of the time because of my job, being the sole provider in the family. He has been out of a permanent job nearly four of six years and has only been able to get part-time, temporary jobs after leaving the IRS. Over the past six years, he has been having serious employment problems with the IRS, because in February, the day they raided my home, the affidavit was found to have contained false statements. Ross tried to correct those false statements with the criminal defense attorney I first paid for to defend him from the false charges in the affidavit. We believe that information was what has prevented him from obtaining a permanent job after 1992 when he left the IRS.

    → I told <u>Mrs. Williams</u> that I believe the car dealers, having a <u>lot of money</u>, were able to set him up by paying high-priced attorneys and the U.S. Attorney in making those false statements that were contained in the Statement of Facts. I don't believe my husband would have made those statements to anyone. But, through all this, I still support him and will continue to support him in his learning from his mistake.

    I did not marry someone who had a criminal record and he has not been in any trouble with the law. His family and I would like to ask you to provide him leniency since he was told on October 31, by his attorney and the U.S. Attorney, that if he pled guilty to one count, he would not get any jail time.

*Re: SUZANNE WILLIAMS OF HACKNEY'S FALSE STATEMTS*

However, I read the Plea Agreement and it states that he could get jail time despite what he was told by them, prior to his pleading guilty, and after signing the Plea Agreement and Statement of Facts. Ross told his attorney many times about those false statements in the Statement of Facts where he said that it was not the same one that was given to him to read on October 31 in Mr. Trimper's office.

This felony has stopped Ross' personal growth, affected his mental and emotional well-being, and has deadened any future new employment prospects, including his continuing legal studies, which are very important to him. With that, I want to ask you to provide Ross future relief after his sentence, an expungement, allowing this matter to erase his criminal record. I believe Mrs. Williams and Mr. Goldman will agree with your decision after your review of Ross' file. It will make his future look better after he has had the opportunity to prove himself innocent — after exculpatory

Finally, I ask that you provide him leniency since he also has a daughter, parents and friends who are all behind him too during this difficult time in his life. evidence is reviewed.

Sincerely yours,

COPY

Mrs. Rosario A. Fiorani, Jr.

cc:   Glen A. Trimper, Esq.
      2034 Eisenhower Avenue
      Suite 101
      Alexandria, VA  22314

      Suzanne E. Williams
      Senior U.S. Probation Officer
      United States District Court
      Eastern District of Virginia
      401 Courthouse Square
      Alexandria, VA  22314