**1. Name (Last, First, Middle):** FIORANI, ROSS ANTHONY  
**2. Social Security Number:** 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  
**3. Date of Birth:** 09/23/53  
**4. Effective Date:** 12/04/92

### FIRST ACTION
- **5-A. Code:** 317
- **5-B. Nature of Action:** RESIGNATION
- **5-C. Code:** RPM
- **5-D. Legal Authority:** REG 715.202
- **5-E. Code:**
- **5-F. Legal Authority:**

### SECOND ACTION
- **6-A. Code:**
- **6-B. Nature of Action:**
- **6-C. Code:**
- **6-D. Legal Authority:**
- **6-E. Code:**
- **6-F. Legal Authority:**

**7. FROM: Position Title and Number:** TAX LAW SPECLST  88284000  88284A

**8. Pay Plan:** GS  **9. Occ. Code:** 0987  **10. Grade/Level:** 09  **11. Step/Rate:** 01  **12. Total Salary:** 26,798.00  **13. Pay Basis:** PA

**12A. Basic Pay:** 26,798.00  **12B. Locality Adj.:**  **12C. Adj. Basic Pay:** 26,798.00  **12D. Other Pay:**

**14. Name and Location of Position's Organization:**  
INTERNAL REVENUE SERVICE  
NATIONAL OFFICE  
A/C (TAXPAYER SERVICES)  
TAXPAYER SERVICE DIVISION

**15. TO: Position Title and Number:**

**22. Name and Location of Position's Organization:**

### EMPLOYEE DATA
- **23. Veterans Preference:** 3 (1-None, 2-5-Point, 3-10-Point/Disability, 4-10-Point/Compensable, 5-10-Point/Other, 6-10-Point/Compensable/30%)
- **24. Tenure:** 1 (0-None, 1-Permanent, 2-Conditional, 3-Indefinite)
- **25. Agency Use:**
- **26. Veterans Preference:** YES
- **27. FEGLI:** BASIC
- **28. Annuitant Indicator:** NOT APPLICABLE
- **29. Pay Rate Determ.:**
- **30. Retirement Plan:** FERS
- **31. Service Comp. Date (Leave):** 07/18/88
- **32. Work Schedule:** F FULL TIME
- **33. Part-Time Hours Biweekly Pay Period:**

### POSITION DATA
- **34. Position Occupied:** 1 (1-Competitive Service, 2-Excepted Service, 3-SES General, 4-SES Career Reserved)
- **35. FLSA Category:** E-Exempt / N-Nonexempt
- **36. Appropriation Code:**
- **37. Bargaining Unit:** 0338
- **38. Duty Station Code:** 11-0010-001
- **39. Duty Station:** WASHINGTON  DIST OF COLUMBIA  DC

**40. Agency Data:**  **41.**  **42.**  **43.**  **44.**

**45. Remarks:**  
FORWARDING ADDRESS= 7115 LATOUR COURT  
"            "   : ALEXANDRIA VA 22310  
REASON FOR RESIGNATION: I AM RESIGNING TO PRUSUE PERSONAL, EDUCATIONAL AND PROFESSIONAL ADVANCEMENT TOWARDS MY CAREER GOALS. I HOPE TO USE MY EXPERIENCE OVER THE PAST FOUR YEARS TO ASSIST ME IN ADVANCEMENT OF MY PERSONAL & PROFESSIONAL CAREER GOALS.  
LUMP-SUM PAYMENT TO BE MADE FOR ANY UNUSED ANNUAL LEAVE.  
SF-2819 WAS PROVIDED. LIFE INSURANCE COVERAGE IS EXTENDED FOR 31 DAYS DURING WHICH YOU ARE ELIGIBLE TO CONVERT TO AN INDIVIDUAL POLICY (NON-GROUP CONTRACT).  
HEALTH BENEFITS COVERAGE IS EXTENDED FOR 31 DAYS DURING WHICH YOU ARE ELIGIBLE TO CONVERT TO AN INDIVIDUAL POLICY (NONGROUP CONTRACT).

**Employing Department or Agency:** DEPARTMENT OF THE TREASURY  
**47. Agency Code:** TR 93  **48. Personnel Office ID:** 2979  **49. Approval Date:** 02/01/93  
**50. Signature/Authentication and Title of Approving Official:** DESIGNATED APPOINTING OFFICIAL

Part 50-315  
2 - OPF Copy - Long-Term Record — DO NOT DESTROY  
Editions Prior to 7/91 Are Not Usable After 6/30  
NSN 7540-01-333-6

*From Hackney's Office — w/o D. Consent*

**DRAFT**

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 98 340 A
)
)
ROSARIO ANTHONY FIORANI, Jr. )
)
Defendant. )

## PLEA AGREEMENT

Helen F. Fahey, United States Attorney for the Eastern District of Virginia, and G. David Hackney, Assistant United States Attorney, and the defendant, ROSARIO ANTHONY FIORANI, JR., and the defendant's counsel, Glen A. Trimper, pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

1. The defendant, ROSARIO FIORANI, JR., agrees to plead guilty to Count 2 of the pending indictment. Count 2 charges the defendant with Wire Fraud, in violation of Title 18, United States Code, Section 1343. The maximum penalty for this offense is a maximum term of 5 years of imprisonment, a fine of $250,000 full restitution, a special assessment, and three years of supervised release. The defendant is aware that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release

*From Attorney's Office to Kimper w/o T's Consent.*

could result in the defendant being returned to prison for the full term of supervised release.

2. Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

3. The defendant is aware that the defendant's sentence will be imposed in accordance with the Sentencing Guidelines and Policy Statements. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense(s) to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the

2

FOR IMMEDIATE RELEASE: May 26, 1987

FTC COMPLAINT CHARGES MARYLAND DEALER VIOLATED USED CAR RULE;
ASKS FEDERAL COURT TO ASSESS CIVIL PENALTIES AND
TO PROHIBIT FUTURE RULE VIOLATIONS

The Federal Trade Commission today filed a complaint in federal court charging a Maryland car dealership with violating the Commission's used car rule by failing to display properly completed window stickers on the used vehicles it offered for sale to consumers.

This is the first time the Commission has brought charges for violations of the used car rule since it went into effect May 9, 1985.

The Commission asked the court to order Crystal Ford Ltd. and its president, Howard L. Castleman, to pay civil penalties and not to violate the rule in the future.

The used car rule requires that dealers display on each used vehicle offered for sale to consumers a window sticker -- called a Buyers Guide -- containing warranty information and other important disclosures. The rule is intended to ensure that consumers receive in writing information telling them who must pay for repairs after the sale. The rule, which covers used cars, light-duty trucks and light-duty vans, provides that the Buyers Guide becomes part of the sales contract.

Crystal Ford is a franchised new and used car dealership located in Silver Spring, Md. According to public records, Crystal Ford sold approximately 2,800 new and used vehicles during the 1986 calendar year, a 28 percent increase over 1985 sales.

At the time the used car rule went into effect, the FTC staff sent the Commission's "Facts for Business" brochure to 89,000 new and used car dealerships. In addition, automobile dealers' associations and state motor vehicle administrations sent used car dealers nationwide information to assist them in complying with the rule.

The complaint charged that Crystal Ford violated the used car rule by failing to display the Buyers Guide on used vehicles, including demonstrators, it offered for sale. In addition, according to the complaint, the dealership violated the rule by displaying Buyers Guides that failed to include all required information on any warranty being offered on the vehicle. For example, if a warranty is offered on any system of the car, the window form must include the duration -- for example, "30 days or 1,000 miles, whichever occurs first."

According to the complaint, Crystal Ford also violated the used car rule by failing to include a required disclosure conspicuously in each sales contract, stating that information on the window form overrides any contrary provisions in the sales contract.

Mr. Castleman is president and chief executive officer of Crystal Ford and resides in Baltimore, Md.

(More)

The complaint was filed at the request of the FTC by the Department of Justice in the U.S. District Court for the District of Maryland.

Copies of the complaint will be available shortly from the FTC's Public Reference Branch, Room 130, 6th St. and Pennsylvania Ave. N.W., Washington, D.C. 20580; 202-326-2222; TTY 202-326-2502.

http://www.ftc.gov/opa/predawn/F87/crystal.txt

# # #

MEDIA CONTACT:  Dee Ellison, Office of Public Affairs, 202-326-2177

STAFF CONTACT:  Lemuel W. Dowdy, Bureau of Consumer Protection, 202-326-3042

FTC File No. 862 3135

[crystal]