UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

ROSARIO A. FIORANI, JR.
    PLAINTIFF, PRO-SE

v.

UNITED STATES OF AMERICA
DAVID HACKNEY, ESQ.,
GLEN A. TRIMPER, ESQ.
INTERNAL REVENUE SERVICE AGENTS
 JOHN WANAT, SPEC. AGT. CID; AND
 KEVIN DAVIES, SPEC. AGT, CID
AND
 JASON MINARD
    DEFENDANTS, ET AL

CIVIL ACTION NO: 06 - 0739 RWR

## PLAINTIFF'S AFFIDAVIT AGAINST DEFENDANTS

Plaintiff, Rosario A. Fiorani, Jr., Pro-Se, hereby states, affirms and being duly sworn uses this affidavit herein, upon such oath, states with first hand knowledge against the Government's agents, both individually, and in their official capacities, says:

1. Plaintiff relies on the Supreme Court case, <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388, giving Plaintiff § 1983 jurisdiction against all those Government agents and defendants, who had acted individually, and each outside of their official capacities to unlawfully obtain, get and possess a wrongful plea of guilty.

2. This case is not a case under the FTCA. This case is under and involves <u>Bivens</u>, <u>Malley</u> and <u>Leon</u>, and directly relates to a reversal of my unconstitutional conviction under the recent Supreme Court's holding in <u>United States v. Gonzalez-Lopez</u>, overruling <u>Heck</u>.

3. I hereby state and affirm, I did not agree with, consent to, nor authorize the District Court's appointing defense attorney defendant Glen TRIMPER over my two paid attorneys, Richard GARDINER and Larry DUBE. (Pltf's. Exhs. C-1-12, N-1-15).

4.  I did not willing, knowingly and intelligently plead guilty to crimes that were not crimes before then, or at that time of HACKNEY'S and MINARD'S manufacturing of the Statement of Facts and search warrant affidavit.

5.  On and after September 15, 1998, TRIMPER did fail, refused and did totally ignore all my paid defense counsel's and USADAG's information that would expose, clearly illustrate and show I was innocent of any criminal charges as fabricated in the concocted indictment. (Pltf's. Exhs. C-1-12, N-1-15).

6.  On and after October 30, 1998, TRIMPER ignored and refused to go to trial on my behalf. (Pltf's. Exhs C-1-12, N-1-15).

7.  On and after October 30, 1998, TRIMPER failed, refused and ignored filling any criminal appeals of District Court Judge Lee's adverse Fourth, Fifth and Sixth Amendment violations knowingly committed WANAT and DAVIES on the date of their unlawful IRS raid.

8.  On or about August 8, 2006, TRIMPER submitted to this Court a reply to my civil rights complaint.

9.  TRIMPER'S reply committed perjury, and he did knowingly make false statements to this Court where TRIMPER claimed his last date of representation of me was on January 29, 1999. TRIMPER committed perjury, under 18 U.S.C. § 1001. Exhibit 4.

10. TRIMPER and HACKNEY drafted up and did use illegal means and conduct to get me to sign a Statement of Facts and Plea Agreement on November 2, 1998.

11. That TRIMPER and HACKNEY did deliberately refuse providing me a copy of any of the alleged documents used by them, (the Government) claiming my guilt to charges that did not o did not occur.

12. On June 30, 1999, the Fourth Circuit Court Ordered TRIMPER to file my criminal appeal. TRIMPER did ignore and refused, causing me severe prejudice in my showing

my innocence. Exhibit 1.

13. On November 3, 1998, I went to the U.S. District Court, Alexandria, to get a copy that I was told by -paid- attorneys, Richard GARDINER and Larry DUBE, [that] I was to had gotten a copy of. TRIMPER and HACKNEY refused, ignored or did not give me a copies. Exhibit 2.

14. I and my family attorney, and paid attorneys, GARDINER and DUBE found not less than 12 (materially) false statements in the Government's Statement of Facts and Plea Agreement. Exhibit 3.

15. Because of TRIMPER'S and HACKNEY'S joint criminal conspiracies, individually and in their official capacity, (a) I have not been able to get any jobs over the past 8 years;

(b). I have been unable to support my family;

(c). I have been unable to get back my security clearance;

(d). I have been prejudiced by TRIMPER'S many failures and refusals to defend me over the past eight (8) years.

(e). I am my family have suffered severe embarrassment, financial devastation from having to pay for additional attorneys over the past eight (8) years for (new) attorneys;

(f). TRIMPER repeatedly failed to conduct any investigations on behalf of me, his court ordered client; and, TRIMPER and HACKNEY had on and after September 15, 1998, started to engage in their criminal conspiracy and obstruction of justice, under 18 U.S.C. § 371, (criminal conspiracy), § 1502, (obstruction of justice), and both committing a fraud on the court, which renders any of HACKNEY'S illegal actions subject to a defense of immunities, under <u>Tower</u>, <u>Saucier</u>, <u>Mitchell</u>, <u>Anderson</u>, and <u>Groh</u> and their progenies that illustrate an ongoing conspiracy between a prosecutor, judge and court appointed defense attorney, adverse to the Supreme Court's ruling in <u>Strickland</u>.

(g). I have suffered compensatory, emotional, employment, and mental harm, injuries and damages caused directly and specifically by HACKNEY and TRIMPER, under the Supreme Court's ruling(s) in Strickland v. Washington, (citation omitted) and the High Court's recent holding against my wrongful conviction, in United States v. Gonzalez-Lopez, 546 U.S. ___, June 26, 2006), that results in my conviction to be reversed by this Court, under 42 U.S.C. § 1983.

(h). Because of TRIMPER'S, HACKNEY'S and CACHERIS' conspiracy, obstruction of justice, and civil and constitutional rights violations, individually and in their official capacities, I have not been able to vote, or sit on a jury, or apply for any jobs that hold and require me to have my former security clearance.

16. On or about July 15, 2000, TRIMPER was again ordered to defend me against a concocted probation violation. Before that hearing before Judge CACHERIS, TRIMPER tried repeatedly to "force, threaten, coerce and intimidate" me to plead guilty to a violation that did not happen nor occur.

17. I rely on the Supreme Court case, Malley v. Briggs, where the Supreme Court holds that a federal agent who commits perjury, made false testimony to the Court, in a grand jury, is liable to the party for the injury caused by that agent's knowingly false, willfully misleading testimony to the grand jury.

18. I vehemently deny, dispute and disagreed or challenged all the Government's claims and allegations, as supplied to this Court, that I committed four wire-fraud(s), per the Government's exhibit.

19. The Government has me, per its own exhibit, (Pltf's. Exh. 4), sending a fax to the [car] dealer on December 20, when I was at the dealership on that date; The Government has me sending a fax to the [car] dealer on December 2, when I was not at the dealership before December 17, 1998; The Government has me sending a fax to the

dealership on December 22 and 23, when I was at the dealership on the 22, supposedly to pick up my purchase. Therefore, I could not possibly send a fax when I was at the dealership.

20. Accordingly, everything HACKNEY said to grand jurors, from which a deliberately false, concocted indictment came from, alleging criminal acts, did not ever happen. HACKNEY and MINARD committed criminal conspiracy by their deliberately fabricated, falsified and manufactured indictment, on behalf of Jason Minard and Steven Gonzalez, acting under color of law, in HACKNEY'S individual and official capacity, entitling me to compensatory and punitive damages under Bivens and Malley.

21. I seek this Court enter Declaratory and Injunctive Relief for Plaintiff, Pro-Se, holding TRIMPER and HACKNEY liable for all Plaintiff's personal compensatory injuries and emotional harm and damages caused by defendants, jointly and separately.

22. I further request this Court Order TRIMPER and HACKNEY to provide me, turn over to me, all 'exculpatory evidence', consisting of the District Court's withheld grand jury transcripts and all documents, tapes, notes, and information kept by Judge CACHERIS' court clerk, Don McCoy, that he has in his possession that would show or prove I was not allowed to read, review, challenge, dispute anything stated in the Statement of Facts and Plea Agreement, where there was found not less than 12 false statements retained in the SOF. Exhibit 5.

23. My former attorneys and/or USADAG TSONOFF on, about or after September 9, 1998, got information from at least three (3) grand jurors. The grand jurors were interviewed after September 9, telling the investigator, [that] HACKNEY did purposely falsify, alter and conspired with IRS agents WANAT and DAVIES, and did condone, allow and permit both MINARD and GONZALEZ to commit perjury, make false statements in the

form of affidavits from which WANAT and DAVIES applied for and got three (3) search warrants on a concocted warrant affidavit that lacked probable cause. Exhibit 6.

24. On and after November 3, 1998, forward, I made repeated attempts to contact the District Court Judge CACHERIS about my being forced, threatened, coerced and intimidated by HACKNEY and TRIMPER, in a backroom of the District Court, from which they got an unlawful and unconstitutionally signed plea agreement and Statement of Facts.

25. On November 2, 1998, TRIMPER and HACKNEY lied to the District Court Judge CACHERIS as to the truthfulness and accuracy, or correctness of the Plea Agreement and Statement of Facts. (Pltf's. Exhs. C-1-12, N-1-15).

26. WANAT, DAVIES and HACKNEY acted outside their official capacity, as individuals, lacking any good-faith when WANAT submitted to HACKNEY, knowingly false, misleading, totally altered and intentionally deceptive affidavits filed by MINARD and GONZALEZ, as true, from which HACKNEY submitted all that false information to a grand jury, knowing it all was false.

27. HACKNEY and TRIMPER knowingly committed fraud on the court, before District Judge CACHERIS, when each affirmed what was an unlawful, unconstitutionally obtained legal document, Statement of Facts and Plea Agreement, obtained under duress, threats, coercion and forms of intimidation, complies with the criminal conspiracy and obstruction of justice, 18 U.S.C. § 371 and § 1502, enumerated in Plaintiff's Reply to Government's Motion to Dismiss.

28. On and after November 3, 1998, District Judge CACHERIS was constantly informed, told and made aware (of) that Plaintiff's Plea and Statement of Facts consisted of not less than 12 prior known, false, misleading, inaccurate and manufactured, or altered grand jury documents after I became aware of them by GARDINER, DUBE, TSONOFF

and DiJoseph.

29. On January 29, 1999, District Court Judge Ellis ordered TRIMPER and HACKNEY to appear before him, in his Court, on Judge Ellis' Order issued on or about January 26, 1999. TRIMPER and HACKNEY ignored, refused to appear, and deliberately failed to comply with that judicial order, acting, individually, outside of HACKNEY'S official capacity, and contrary to TRIMPER'S court appointed defense duties and legal responsibilities, in conformance with the U.S. Supreme Court's and other Circuit Court holdings on –ineffective assistance of (court-appointed) defense counsel.

30. District Court Judge CACHERIS acted individually, outside his judicial capacity, when he knowingly allowed, condoned, permitted and covered up, contrary to the Supreme Court's holding(s) in Brady v. Maryland, by withholding all my exculpatory evidence that would exonerate me from this wrongful conviction after November 2, 1998.

31. I am not guilty of any crimes as manufactured, concocted and fabricated by HACKNEY, WANAT, DAVIES and MINARD and GONZALEZ, where TRIMPER falsely and knowingly stated, that I committed a § 912, Impersonation of a Federal Officer or Agent, where MINARD, GONZALEZ and WANAT and DAVIES, with HACKNEY fabricated not less than 12 statements as entered in a Statement of Facts and Plea Agreement, before and after AUSA Robert CHESTNUT said did not happen.

32. The Government's agents and AUSA HACKNEY with CACHERIS covered up or blocked all of my abilities to exonerate myself from a deliberately falsified, manufactured and concocted list of crimes, as alleged by the Government's Motion to Dismiss and uses of the District Court's inaccurate and distorted docket sheets.

THEREFORE, I request that this Court issue Declaratory and Injunctive relief against the defendants, which includes, but is not limited to, a reversal of my wrongful conviction on the grounds outlined and established by the U.S. Supreme Court;

(b). That this Court order the defendants, specifically TRIMPER and HACKNEY to turn over to me, all exculpatory, unlawfully withheld GRAND JURY TAPES, PLEA HEARING TAPES, (VOICE and TRANSCRIPTS), and ALL OF DON MCCOY'S notes, memos relating to the unlawful indictment obtained eight years ago, (September 9, 1998-2006);

(c). That this Court order TRIMPER file all motions and appeals, and pay for all costs, fees, expenses and additionally, all past fees and expenses incurred since February 6, 1998- September 9, 2006, in the amount of $300,000 compensatory and punitive damages.

(d). That AUSA HACKNEY file the necessary papers, orders, decrees, and motions to reverse my conviction, clear my name, and aid or assist in my getting all back due pay and compensation due me from the IRS' failure or refusal to re-hire me, or where no other federal agency re-hired me as a GS-9-12, over the past eight (8) years.

DATED this  11th  day of September, 2006

*(signature)*

Rosario A. Fiorani, Jr.
Plaintiff, Pro-Se
7115 Latour Court
Kingstowne, VA  22315
(703) 719-0272

SUBSCRIBED and SWORN to be me this  11th  day of September, 2006.

COUNTY/CITY OF Fairfax
COMMONWEALTH OF VIRGINIA
The foregoing instrument was acknowledged before me this 11th day of September 20 06
by Rosario A. Fiorani Jr.
(name of person seeking acknowledgement)
Notary Public
My Commission Expires: 27th of March 2009

## CERTIFICATE OF SERVICE

    Plaintiff certifies he mailed, postage prepaid, to defendants Glen TRIMPER and the Government's attorney, c/o U.S. Attorney General's Office, **PLAINTIFF'S AFFIDAVIT AGAINST DEFENDANTS** to Glen TRIMPER, 2034 Eisenhower Avenue, Alexandria, VA. 22314, and U.S. Attorney's Office, Department of Justice, Ms. Karen Melnick, Esq., 444 Fourth Street, Suite 500, Washington, D.C.  20530 on September 8, 2006.


_Rosario A. Fiorani, Jr._
Rosario A. Fiorani, Jr.
Plaintiff, Pro-Se
7115 Latour Court
Kingstowne, VA   22315