UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROSARIO A. FIORANI, JR.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 06-739 (RWR) |
| ) | |
| **UNITED STATES OF AMERICA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

**I.  Introduction**

In response to Plaintiff's Complaint, the Defendants filed a Motion to Dismiss ("Defendants' Motion") pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(3) and 12(b)(6), with the understanding that each Defendant was being sued in his official capacity. With respect to the arguments made in Defendants' Motion, Plaintiff's response is simply to recount in greater detail his characterization of the events that occurred from 1998 to present. Thus, with respect to the claims against the Defendants in their official capacity, Plaintiff's lawsuit should be dismissed.

In "Plaintiff's Reply Against the Government's Motion to Dismiss" ("Plaintiff's Reply"), he makes more clear that he intended to sue the Defendants both in their official capacity and in their individual capacity.  See Plaintiff's Reply at 13.  Plaintiff's claims are still meritless because (1) Heck v. Humphrey precludes this lawsuit; (2) the Defendants have not been properly

served, and (3) Defendants are entitled to qualified immunity.[1]

## II. Legal Standards

As the District Court stated in its Memorandum Opinion in <u>Delaine v. United States, Assistant Attorney for the District of Columbia</u>, et al., Civil Action No. 04-872 (GK):

> Pursuant to Federal Rule of Civil Procedure 12(b)(1), "a court [in its discretion] may dismiss a patently frivolous claim for lack of subject-matter jurisdiction." <u>Hilska v. Jones</u>, 297 F.Supp 2d 82, 87 (D.D.C. 2003). See <u>Hagans v. Lavine</u>, 415 U.S. 528, 536 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit") (internal quotation omitted). "Patently frivolous" claims include those premised on "bizarre conspiracy theories," "fantastic government manipulations of the[] will or mind," or "any sort of supernatural intervention." <u>Best v. Kelly</u>, 39 F.3d 330-31 (D.C. Cir. 1994) (describing as frivolous a complaint which alleged that "a Secret Branch of the Federal Government" took plaintiff's face off his head, went into his skull, and placed a computer chip and camera system there to project images in front of him). "Under settled law, the [d]istrict may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under [Rule] 12(b)(1) on the complaint standing alone." <u>Herbert v. Nat'l Acad. of Sciences</u>, 974 F2d 192, 197 (D.C. Cir. 1992).

<u>See</u> Exhibit 3 to Defendant's Motion at 4.

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and dismissal is appropriate where the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Browning v. Clinton</u>, 292 F.3d 235, 241 (D.C. Cir. 2002) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). The Court is to treat the complaint's factual allegations as true, <u>see</u> <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S.

---

[1] Because Special Agents Wanat and Davies did not interpret Plaintiff's Complaint as a suit against them in their individual capacity, they did not seek representation authority. Nevertheless, the undersigned counsel included an argument for qualified immunity in its motion to dismiss. In light of Plaintiff's Reply, the undersigned counsel obtained representation authority for Special Agents Wanat and Davies on September 13, 2006, and reasserts herein their argument for qualified immunity.

163, 164 (1993), and must grant plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir.1979). In determining whether a complaint fails to state a claim, the Court may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which it may take judicial notice. See E.E.O.C. v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-625 (D.C. Cir. 1997).

### III. ARGUMENT

#### A. Heck v. Humphrey Is Applicable To This Case

Plaintiff argues in his Reply that Heck v. Humphrey, 512 U.S. 477 (1994), is not applicable to this case. Specifically, Plaintiff claims that

> [t]he Supreme Court erred by failing to address in Heck that if a District Court and Court of Appeals unconstitutionally failed or refused to provide or grant a prospective § 1983 Plaintiff any fair hearing(s) and effective assistance of (court-appointed) defense counsel and 'appellate counsel,' that would render the Supreme Court ruling in Heck unconstitutional in that it condones the wrongful denials of a 'defendant's' guaranteed by the Constitution's Bill of rights, in the Fourteenth Amendment and Due Process Clauses is vacant and an empty application of our laws.

See Plaintiff's Reply at 15. In addition, Plaintiff argues that the Supreme Court's recent decision in United States v. Gonzalez-Lopez, __ U.S. __, 126 S.Ct. 2557 (2006), overrules Heck v. Humphrey. Plaintiff's arguments are without merit and his reliance on Gonzalez-Lopez is misplaced.

Plaintiff appears to be taking issue with both United States District Court Judge Cacheris's initial appointment of counsel under the Criminal Justice Act ("CJA") on September

15, 1998, and his February 3, 2004, Order. See Plaintiff's Reply at Exhibit 18 ¶ 3; Exhibit 1 to Defendants' Motion at docket no. 4; and Exhibit 2 to Defendant's Motion. In Judge Cacheris's February 3, 2004, Order, he denied Plaintiff's third successive § 2255 motion because the motion was (1) time-barred under the one-year period of limitation, and (2) meritless because the case conclusively showed that the Defendant was not entitled to relief. See Exhibit 2 to Defendant's Motion at 1. Judge Cacheris further concluded that "the Defendant has no right to have counsel appointed to represent him in the motion to vacate proceedings. United States v. Riley, 21 Fed.Appx. 139, 141-142, 2001 WL 1261926, at *2 (4th Cir. 2001) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987))." See id. The Court of Appeals denied Plaintiff's Certificate of Appealability and dismissed Plaintiff's appeal of Judge Cacheris's Order. See Exhibit 1 to Defendant's Motion at docket entry 87.

Plaintiff argues here that since Judge Cacheris's and the Court of Appeals' decisions were allegedly unconstitutional, then his conviction should be reversed and he should be permitted to sue the Federal Defendants individually. However, Plaintiff cannot accomplish indirectly what he failed to accomplish directly in Virginia. Heck v. Humphrey, 512 U.S. 477 (1994) prevents Plaintiff from indirectly challenging the validity of his criminal conviction until he first prevails in an action invalidating that conviction. In Heck v. Humphrey, 512 U.S. at 486-87 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

>corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

See also Robinson v. Ashcroft, 357 F. Supp. 2d 142,145 (D.D.C. 2004) (holding that plaintiff's claim of ineffective assistance of counsel from his court-appointed attorney was barred by Heck because "plaintiff's success on the merits would implicitly question the validity of the conviction").

As Defendants argued in their Motion to Dismiss at 16, a ruling in favor of Plaintiff in this Court would "necessarily imply the invalidity of his conviction" in the Eastern District of Virginia. See Heck. 512 U.S. 477 at 486. Moreover, "although the Heck case involved the application of § 1983 actions, its holding is not limited to that type of case alone." Robinson v. Ashcroft, 357 F. Supp. 2d at 145. As the court observed in Hazel v. Reno, 20 F.Supp.2d 21, 24 (D.D.C. 1998) (citations omitted), "Heck does not rest on statutory language, legislative history, comity, or any other consideration unique to actions under 42 U.S.C. § 1983. It rests instead on the need for finality of criminal convictions and on the analogy between actions under § 1983 and the common law of malicious prosecution, which barred the suit unless the criminal prosecution ended in the plaintiff's favor."

Lastly, Plaintiff's reliance on U.S. v. Gonzalez-Lopez is misplaced. In that case, the Supreme Court found that the trial court's "erroneous deprivation of the right to counsel of

choice, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as structural error." See id. at 2564 (citation and internal quotations omitted). In holding "that the error violated respondent's Sixth Amendment right to counsel of choice and that this violation is not subject to harmless-error analysis," the Court affirmed the judgment of the Eighth Circuit vacating the respondent's criminal conviction. See id. at 2566.

Clearly, the holding in Gonzalez-Lopez is inapposite to this Court's determination of whether to grant Defendants' Motion. Plaintiff cannot use this Court as a venue to overturn his conviction in the Eastern District of Virginia, in an attempt to sue the individual Federal Defendants or their respective agencies. Because Plaintiff's efforts to challenge his conviction in Virginia failed, he cannot now challenge indirectly that conviction in the District of Columbia. See Heck v. Humphrey, 512 U.S. at 486-87.

### B. Plaintiff Failed To Serve Defendants In Their Individual Capacity

As an initial matter, Plaintiff has never effected any service of process as to David Hackney, therefore, he is not a proper party in this action. See Docket Entry No. 5. With respect to TIGTA Special Agents Wanat and Davies, Plaintiff has never properly served either in his individual capacity. Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. Omni Capital Int'l, Ltd. v. Wolff & Co., 484 U.S. 97, 104 (1987). Accordingly, dismissal is appropriate pursuant to Rule 12(b)(5) where there has been insufficient service of process. Once a defendant has moved to dismiss and presents evidence disputing personal jurisdiction, the burden shifts to the plaintiff to make a prima facie showing via admissible evidence that personal jurisdiction exists. Light v. Wolf, 816 F.2d 746, 751 (D. C. Cir. 1987); In re Baan Co. Securities Litigation, 245 F. Supp. 2d 117, 124 (D.D.C. 2003) (citing

Edmond v. U.S. Postal Service General Counsel, 949 F.2d 415, 424 (D.C. Cir. 1991)); Hilska v. Jones, 217 F.R.D. 16, 20 (D.D.C. 2003).

Plaintiff filed his complaint on May 1, 2006.  To date, the Federal Defendants have seen no evidence suggesting that Plaintiff has attempted to perfect service.  Rule 4(I) outlines the requirements for service when the United States, its agencies, corporations, officers, or employees have been sued.  Specifically, Rule 4(I) states:

> **(I) Serving the United States, Its Agencies, Corporations, Officers or Employees.**
>
> (1)  Service upon the United States shall be effected
>
> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the **Attorney General of the United States at Washington, District of Columbia** . . .
>
> (2)(B)  Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States - whether or not the officer or employee is sued also in an official capacity - is effected by serving the United States in the manner prescribed by Rule 4(i)(1) **and** by **serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g).**

District of Columbia caselaw confirms this requirement.  Where a plaintiff seeks money damages from an individual federal employee through a Bivens action, "personal service should be made upon the individual defendant in accordance with Rule 4(e) instead of upon that individual as a government officer in accordance with Rule 4(i)(2)." Commercial Drapery Contractors, Inc. v. U.S., 133 F.3d 1 (C.A.D.C. 1998) (citing Armstrong v. Sears, 33 F.3d 182,

7

186-87 (2d Cir. 1994)) (emphasis in original); Maye v. Reno, 231 F. Supp. 2d 332, 335 (D.D.C. 2002). Failure to perfect service of process on the individual is generally fatal to a Bivens action. Freeman v. Fallin, 210 F.R.D. 255, 256 (D.D.C. 2002) (citations omitted).

It is well-established that, in an action against a federal employee in his individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) states:

> **(e)    Service Upon Individuals Within a Judicial District of the United States.**
>
> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein **or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.**

Here, Special Agents Wanat and Davies were never served pursuant to Rule 4(e) in their individual capacity. Service was attempted at their place of employment, however, neither agent has received a summons at his home or office address. See Declaration of John Wanat ("Wanat Decl.") at ¶ 3; Declaration of Kevin M. Davies ("Davies Decl.") at ¶ 3. The individual who purported to accept service on their behalf, Philip J. Lindenmuth, is not a person authorized to accept service of process for Special Agents Wanat and Davies in their individual capacity. See Wanat Decl. at ¶ 4; Davies Decl. at ¶ 4. See also Leichtman v. Koons, 527 A.2d 745, 747 and n. 5 (D.C. 1987) (Office employee with authority to receive business mail does not, by virtue of his or her position, have authority to receive process, and actual knowledge of the existence of a lawsuit is no substitute for personal service).

Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-named defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); see also Stafford v. Briggs, 444 U.S. 527 (1980). The service of process thus being defective as to these defendants in their individual capacities, this action cannot proceed against them. Micklaus v. Carlson, 632 F.2d 227, 240 (3rd Cir. 1980); Griffith v. Nixon, 518 F.2d 1195, 1196 (2d Cir. 1985), cert. denied, 423 U.S. 995 (1975).

Special Agents Wanat and Davies's limited appearances herein in the form of this motion to dismiss plaintiff's complaint does not constitute an acquiescence in the manner of service, a waiver of proper service, or a voluntary entrance of appearance.

    **C.**    **Defendants Are Entitled To Qualified Immunity.**

As Defendants in their Motion to Dismiss at 13-15, Special Agents John Wanat and Keven Davies are entitled to qualified immunity. Plaintiff has failed to state a claim against them in their individual capacity under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Such federal officers enjoy qualified immunity from constitutional and statutory claims. Cleavinger v. Saxner, 474 U.S. 193, 206 (1985); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow, 457 U.S. at 818; Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998); see also Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)("[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery"). In other

words, in order for a person to have a clearly established right, the right must also be sufficiently clear such that any reasonable government employee should have known they were violating the Constitution.  See Anderson v. Creighton, 483 U.S. 635, 640 (1987).

This Circuit has established a two-prong test in reviewing the applicability of the qualified immunity defense.  First, courts must look at whether "the facts show the officer's conduct violated a constitutional right." Lederman v. United States, 291 F.3d 36, 46 (D.C. Cir. 2002)(citations omitted).  Defendants are only liable "if they knew, or were unreasonable in not knowing, that their behavior violated the Constitution." Harris v. District of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991).

Second, the court must determine whether the right was clearly established.  See Butera v. District of Columbia, 235 F.3d 637, 652 (D.C. Cir. 2001)(holding that in order to assess whether a particular right is sufficiently established to place a defendant on notice that his conduct was unconstitutional, the court must look to decisions of the Supreme Court, the District of Columbia Circuit, and to the extent there is a consensus, other circuits [that] have clearly spoken on the lawfulness of the conduct at issue").  In this case, the TIGTA agents violated no statutory or constitutional right of Plaintiff.  The TIGTA agents are shielded from liability for civil damages because Plaintiff's allegations fail to state a claim for any violation of clearly established law.[2]

## CONCLUSION

Based upon the foregoing, Defendants respectfully move that their motion to dismiss Plaintiff's Complaint for lack of jurisdiction, improper venue, and failure to state a claim upon

---

[2] To the extent Plaintiff's Reply reasserts constitutional or criminal violations against the United States, the only properly served Federal Defendant in this case, his claims are barred by the doctrine of sovereign immunity.  See Defendants' Motion at 6-9.

which relief can be granted.

          Respectfully submitted,

          /s/
          KENNETH L. WAINSTEIN, D.C. Bar #451058
          United States Attorney

          /s/
          RUDOLPH CONTRERAS, D.C. Bar #434122
          Assistant United States Attorney

          /s/
          KAREN L. MELNIK, D.C. Bar #436452
          Assistant United States Attorney
          555 4th Street, N.W. Rm. E 4112
          Washington, D.C. 20530

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing Federal Defendants' Reply in Support of Motion to Dismiss has been made via Electronic Case Filing and/or mail to plaintiff, Mr. Rosario A. Fiorani, Jr., 7115 Latour Court, Kingstowne, VA.  22315, on September 18, 2006.

_____
KAREN L. MELNIK D.C. BAR #436452
Assistant United States Attorney
U.S. Attorney's Office for the    District of Columbia
Civil Division
555 Fourth Street, N.W. #4112
Washington, D.C. 20530
(202) 307-0338(O)
(202) 514-8780 (Fax)