UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROSARIO A. FIORANI, JR., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-0739 (RWR) |
| UNITED STATES OF AMERICA *et al.*, | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

In this action brought *pro se*, plaintiff accuses defendants of fraudulent acts that "resulted in a wrongfully unconstitutional criminal conviction" in the United States District Court for the Eastern District of Virginia. Am. Compl. at 3. He names as defendants the United States, Assistant United States Attorney ("AUSA") David Hackney, Special Agents John Wanat and Kevin Davies of the Internal Revenue Service (collectively "the federal defendants"), Appointed Counsel Glen A. Trimper, and a witness, Jason Minard. Plaintiff seeks monetary damages exceeding $3 million. *Id*. at 15.

The federal defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject-matter jurisdiction), (b)(3) (improper venue) and (b)(6) (failure to state a claim upon which relief may be granted). Defendant Trimper moves "to adopt as his own" the federal defendants' motion. Dkt. No. 15. His motion will be granted. Upon

consideration of the parties' submissions and the entire record, defendants' motion to dismiss will be granted and the case will be dismissed.[1]

## I. BACKGROUND

On September 9, 1998, plaintiff was charged in the Eastern District of Virginia with three counts of Wire Fraud and one count of False Impersonation of an Officer or Employee of the United States. On September 15, 1998, Trimper was appointed under the Criminal Justice Act to represent plaintiff. On November 2, 1998, plaintiff pleaded guilty to one count of Wire Fraud; the remaining counts of the indictment were dismissed. On January 29, 1999, plaintiff was sentenced to the custody of the Bureau of Prisons for 60 days' imprisonment and three years' supervised release. *See* Def.'s Ex. 1 (*USA v. Fiorani*, Crim. Action No. 1:98-00340) (Cacheris, J.) (criminal docket sheet). On three occasions, plaintiff moved unsuccessfully in the sentencing court for relief under 28 U.S.C. § 2255. *See* Def.'s Ex. 2 (Order). In February 2005, the United States Court of Appeals for the Fourth Circuit denied plaintiff a certificate of appealability, *see* 28 U.S.C. § 2253(c), and dismissed the appeal. Def's. Ex. 1, Dkt. No. 87.

In Count 1 of the complaint titled "Breach of Contract," plaintiff alleges that between September 15, 1998 and May 10, 2002, Trimper "breach[ed] his contractual rights, responsibilities and duties owed to [plaintiff]. . . ." Am. Compl. at 4. Specifically, plaintiff alleges that Trimper did not conduct an investigation, file any motions or an appeal on his behalf, and "consult with any other attorneys of Fiorani's family to demand a withdrawal of the forced,

---

[1] The record does not reflect the issuance of summons to defendant Minard, presumably because the complaint does not list an address for him. In view of this disposition, service of process upon this defendant is unnecessary. Rather, the dismissal of the complaint against this defendant is pursuant to 28 U.S.C. § 1915(e)(2), which requires the dismissal of an *in forma pauperis* case "at any time [] the court determines" that the complaint fails to state a claim upon which relief may be granted.

coerced plea." *Id*. Plaintiff also accuses Trimper of having "knowingly participated in a criminal conspiracy with AUSA David Hackney before and after November 2, 1998, to keep facts, exculpatory documents, and evidence directly and indirectly from [him]. . . ." *Id*.

In Count 2 of the complaint titled "Breaches of Fiduciary Duties," plaintiff alleges that Trimper, *inter alia*, "willfully, wantonly and intentionally failed to, refused to, or in the alternative, did outright ignore" his evidence of alleged threats, intimidation and retaliation against him by grand jury witness Minard, *id* at 5, "failed to expose AUSA Hackney's altered evidence, distorted facts, committed perjuries and false statements" allegedly presented to the grand jury through Minard and other witnesses, *id*. at 6, failed to present evidence of plaintiff's innocence, and refused to comply with court orders. *See id*. at 6-8. Plaintiff further alleges that "Trimper, Hackney and District Court Judge Cacheris covered up, hid and permitted perjury and false statements to be made in the IRS' search warrant affidavit. . . ." *Id*. at 8.

In Count 3 of the complaint titled "Fraud on the Court-Intentional Misrepresentations," plaintiff alleges, *inter alia*, that Trimper coerced him into pleading guilty, that Trimper and Hackney conspired to misrepresent to the court that his plea was voluntary, that they knew "that at least 12 materially false statements were made in the Statement of Facts, thus . . . knowingly [committing] perjury . . . , *id*. at 10, and that they prevented him "from obtaining District Court transcripts that show and make a clear and convincing showing that [he] is actually innocent. . . ." *Id*. at 11.

In Count 4 of the complaint titled "Conspiracy," plaintiff alleges, *inter alia*, that Trimper and Hackney "engaged in a criminal and civil conspiracy to use acts of force, verbal threats,

shaped coercion and acts of intimidation. . . to get him to plead guilty to crimes that never happened with . . . Judge Cacheris' knowledge, acceptance and permission. . . ." *Id*. at 12.

Although plaintiff has not included a separate count of constitutional violations, he claims throughout the complaint that defendants violated his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments. Federal court jurisdiction therefore is derived from the federal counterpart to 42 U.S.C. § 1983. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (creating a cause of action against federal officials for constitutional violations committed while acting under color of authority).

## II. DISCUSSION

### *A. Subject-Matter Jurisdiction*

Defendants argue first that the complaint is so frivolous as to deprive the court of subject-matter jurisdiction. Federal Defendants' Statement of Points and Authorities in Support of Motion to Dismiss ("Def.'s Mem") at 3-4. A dismissal on this ground is warranted only "where [] a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). "This sometimes-criticized doctrine . . . demands that the claims be flimsier than 'doubtful or questionable' - they must be 'essentially fictitious.'" *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1973)) (other citations omitted). Although plaintiff's claims may seem implausible, they are not the sort of "clearly fanciful claims" that the District of Columbia Circuit has recognized as warranting dismissal under Rule 12(b)(1). *See Best*, 39 F.3d at 331 ("Plaintiffs have not suggested any bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention."). Defendants' Rule 12(b)(1) motion to dismiss the complaint on the basis of frivolity therefore is denied.

Defendants argue next that subject-matter jurisdiction is lacking with respect to the claims against the United States and the individual defendants sued in their official capacity for several valid reasons, Def.'s Mem. at 6-11, one of which suffices here. A damages lawsuit against the United States is properly brought under the Federal Tort Claims Act ("FTCA" or "Act"), 28 U.S.C. §§ 2671-2680. The Act requires that the claim "first [be] presented . . . to the appropriate Federal agency." 28 U.S.C. § 2675 (a).[2] The exhaustion of administrative remedies is a prerequisite to filing such a lawsuit in federal court. *See Simpkins v. District of Columbia*, 108 F.3d 366, 370-71 (D.C. Cir. 1997); *GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984). Plaintiff has not alleged, and the record does not show, that he exhausted his administrative remedies. The claim for damages against the United States therefore must be dismissed. *See Simpkins*, 108 F.3d at 371 (the district court erred in reaching the merits of an unexhausted FTCA claim).

### B.  Failure to State a Claim

Plaintiff's claims amount to a challenge to the validity of his conviction. If he were to prevail, his conviction could not stand. Plaintiff therefore cannot recover monetary damages against the individually named defendants under *Bivens* without first establishing that the conviction has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive

---

[2] The statute states in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (applying *Heck* to *Bivens* actions); *Hazel v. Reno*, 20 F. Supp.2d 21, 23-24 (D.D.C. 1998); *Aleotti v. Baars*, 896 F. Supp. 1, 3-4 (D.D.C. 1995), *aff'd*,107 F.3d 922 (D.C. Cir. 1996).  Plaintiff has unsuccessfully sought to overturn his conviction on more than one occasion.  In the absence of an official invalidation of the conviction, however, his federal claim may not be maintained.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss will be granted, and the complaint against Jason Minard will be dismissed *sua sponte*.  The exercise of supplemental jurisdiction over any common law claims is declined.  Presumably, plaintiff may seek redress of those claims in the Virginia courts.  A separate Order accompanies this Memorandum Opinion.


_____/s/_____
RICHARD W. ROBERTS
DATE: December 21, 2006            United States District Judge